[No. B100189. Second Dist., Div. Two. June 26, 1996.]

CHARLES A. CATANESE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CHRISTINE RAY, Real Party in Interest.

**COUNSEL**

Thomas & Price, Linda B. Hurevitz and Russell Iungerich for Petitioner.

No appearance for Respondent.

David J. Duchrow for Real Party in Interest.

**OPINION**

**ZEBROWSKI, J.**—Defendant Charles A. Catanese seeks a writ of mandate directing the superior court to set aside its order that Catanese provide further answers to interrogatories propounded by plaintiff Christine Ray. The writ is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

After plaintiff Ray was deposed for eight days, Ray propounded these interrogatories:

"9. Do you contend that [Ray] has given any answers to any of the questions asked of her in any of the volumes of her deposition taken on or before September 28, 1995, which are untrue?

"10. Unless your answer to the preceding interrogatory is an unqualified negative answer, identify the question asked and [Ray's] answer by stating the date of deposition, volume number, page and line numbers of any of the questions which you contend [Ray] answered untruthfully.

"11. For each of [Ray's] answers to any questions asked of her in any volumes of her deposition taken on or before September 28, 1995, which you contend [Ray] answered untruthfully, identify all facts which support your contention.

"12. For each of [Ray's] answers to any questions asked of her in any volumes of her deposition taken on or before September 28, 1995, which you contend [Ray] answered untruthfully, identify all documents (as defined in Evidence Code § 250) which support or controvert your contention.

"13. For each of [Ray's] answers to any questions asked of her in any volumes of her deposition taken on or before September 28, 1995, which you contend [Ray] answered untruthfully, identify all persons with knowledge of any of the facts which support or controvert your contention."

Catanese objected and answered only to a limited extent. Ray moved to compel full and complete answers. The motion was granted and this petition for writ of mandate followed.

DISCUSSION

1. *The issues raised.*

Ray contends that the interrogatories are contention interrogatories permitted by Code of Civil Procedure section 2030, subdivision (c)(6).[1] Catanese responds that, as a consequence of legislative response to past discovery abuse, section 2030(c)(5) now requires that each interrogatory be "full and complete in and of itself," and that these interrogatories fail that test. Catanese further contends that Ray's interrogatories, as a result of being not self-contained, violate the "rule of 35" set forth in section 2030(c)(1).[2]

Also raised by Catanese is the issue of undue burden. Assuming an average of 300 questions and answers per volume of deposition, multiplied by the 8 days of deposition, and multiplied again by the 5 interrogatories

---

[1] All further statutory references are to subdivisions of Code of Civil Procedure section 2030 unless otherwise indicated.

[2] No "Declaration for Additional Discovery" was filed by Ray seeking leave to propound more than 35 interrogatories as permitted by section 2030(c)(2) and (3). See discussion below.

which inquire about each deposition question and answer, Ray's interrogatories effectively pose upwards of 10,000 separate questions. While Catanese would be required to provide a written interrogatory answer only as to contested deposition answers, each deposition answer would have to be evaluated and compared to all other evidence in order for Catanese to respond.

Other issues raised include the proper borderline between the attorney work product protection provided by Code of Civil Procedure section 2018, subdivision (c) and allowable contention interrogatories. Here, Ray demands that Catanese's attorneys analyze eight volumes of deposition plus whatever other evidence Catanese's attorneys find pertinent, and then provide Ray with their impressions, conclusions and opinions regarding the facts shown by this evidence, regarding Ray's veracity, and regarding the means by which the evidence could be used to attack Ray's veracity. Whether this is permissible because the required analysis, and the resulting attorney's impressions and opinions, are factual rather than legal, or whether compelling the production of such opinions violates the work product protection, is another question posed.

Because we find that the interrogatories violate the "rule of 35" and the requirement of self-containment, we do not reach the issues of work product, undue burden, and the other issues raised.

## 2. *Basis for writ review.*

■ Writ review is not the favored method for reviewing discovery orders. The reason is the belief that in the majority of cases, the delay caused by writ review would result in greater harm than enforcement of an improper discovery order. (*Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1, 5 [123 Cal.Rptr. 283, 538 P.2d 739].) The standard for interim writ review of discovery orders is set forth in *Oceanside Union School Dist.* v. *Superior Court* (1962) 58 Cal.2d 180, 185-186, footnote 4 [23 Cal.Rptr. 375, 373 P.2d 439] (*Oceanside*): interim writ review should be limited to matters of first impression, which have importance to the courts and the profession, and in situations where general guidelines can be established for future cases. (See also *Burke* v. *Superior Court* (1969) 71 Cal.2d 276, 278, fn. 2 [78 Cal.Rptr. 481, 455 P.2d 409].)

■ Here we review purported contention interrogatories which test the proper dividing line between protected work product and compelled contention responses. Based on the premise that response to such interrogatories may be compelled, plaintiff Ray seeks to force defense counsel to compare

eight volumes of deposition testimony with the transcripts of two related criminal trials and one related administrative proceeding, plus whatever other information defense counsel might find pertinent or intend to use at trial, to apply the fruits of that analysis to plaintiff's deposition answers, and then to provide the entire analysis to plaintiff in the form of written interrogatory answers.

If this tactic were permissible, it would likely soon be *de rigueur* in every case. All depositions inevitably would be followed with retaliatory interrogatories consuming as much time and money as the deposition itself (or more). The tactic would be used not only by plaintiffs, but also by defendants. The expense of litigation would be greatly magnified. The anticipation of the inevitable retaliatory interrogatories could chill the taking of depositions, prevent full discovery and hamper settlement. The tactics of taking depositions, and even of giving testimony at a deposition in order to set up the following interrogatories, would likely be heavily impacted. Numerous opportunities for satellite litigation presented in the form of motions *in limine*, motions for protective orders, and the like are apparent, together with the generation of additional issues for trial.

Because of the impact the availability of such a tactic could have on litigation and especially on litigation expense, and the prevalence such a tactic would likely soon achieve, we find the standard for writ review set forth in *Oceanside, supra*, 58 Cal.2d 180, 185-186, footnote 4, to be satisfied.

### 3. *The self-containment rule.*

 Section 2030(c)(5) provides that "[e]ach interrogatory shall be full and complete in and of itself." This rule was violated here by interrogatories which necessarily incorporate, as part of each interrogatory, each separate question and answer in eight volumes of deposition. An interrogatory is not "full and complete in and of itself" when resort must necessarily be made to other materials in order to complete the question. Ray could have propounded interrogatories which inquire separately regarding each deposition question and answer, but if Ray had inquired separately in self-contained interrogatories, she would have violated the "rule of 35."

### 4. *The "rule of 35."*

Section 2030(c)(1) generally limits specially prepared interrogatories to 35. Section 2030(c)(2) provides that only a "party who attaches a supporting declaration as described in" section 2030(c)(3) may propound more than 35

interrogatories. Section 2030(c)(2) further provides that more than 35 specially prepared interrogatories may be propounded only if warranted by the complexity or quantity of issues in the case, the need to avoid the financial burden of oral deposition, or the expedience of using interrogatories in order to allow the responding party to search records or otherwise investigate to supply answers. Section 2030(c)(3) also states the declaration requirement and additionally specifies the form and content of the declaration required to establish a foundation for one of the section 2030(c)(2) grounds for avoiding the rule of 35.

Here, plaintiff Ray filed no declaration pursuant to section 2030(c)(3), but instead treated her interrogatories as consisting of five questions only. As noted above, however, her interrogatories as worded effectively posed upwards of 10,000 separate questions. It was a violation of the "rule of 35" to propound these interrogatories without the supporting declaration required by section 2030(c)(3).

Section 2030(c)(2) provides that the propounding party's right to attach the declaration and to propound more than 35 interrogatories is "[s]ubject to the right of the responding party to seek a protective order." The statutory language thus appears to require a motion for a protective order to challenge the adequacy of a declaration served with more than 35 interrogatories, as opposed to allowing objection and later review on motion to compel. (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial 2 (The Rutter Group 1996) ¶ 8:956, p. 8F-14.) Here, however, there is no supporting declaration to review inasmuch as plaintiff Ray neither filed a supporting declaration nor stated her interrogatories in the self-contained fashion required by section 2030(c)(5). Assuming 4 questions per page[3], and over 10,000 individual questions[4] more than 2,500 pages would have been consumed if each of Ray's interrogatories had been worded so as to be "full and complete in and of itself" as required by section 2030(c)(5). The service of a set of interrogatories occupying two thousand five-hundred pages and accompanied by a section 2030(c)(3) declaration is far more likely to inspire the filing of a motion for protective order than the filing of one page containing nominally five interrogatories and not accompanied by a section 2030(c)(3) declaration. Similarly, the filing of a 2,500 page set of interrogatories together with a motion for protective order is more likely to capture both a trial court's and a reviewing court's attention than a dispute over objections to 5 interrogatories. If Ray had proceeded as required by law, her

---

[3]Ray's five questions consume about one page. If they were supplemented to be self-contained questions inquiring about specific deposition questions and answers, it appears likely that no more than four questions would fit on one page.

[4]See above for the estimate of the apparent number of questions involved.

compliance with the statutory requirements would have highlighted the magnitude of the issue presented.

After receiving these interrogatories, Catanese objected, inter alia, on grounds that the interrogatories were "compound and complex" and "impermissibly overbroad and therefore oppressive and burdensome." In this context, these objections were sufficient to preserve Catanese's rights regarding both self-containment and the "rule of 35." In the event Ray chooses to restate each of her interrogatory questions separately in self-contained form, and to serve them together with a supporting declaration, Catanese will then be put to the choice of answering without objection as to number or moving for a protective order. Additionally in such event, the issue of the proper demarcation between work product and permissible contention interrogatories, the issue of undue burden, and the other issues raised will be effectively presented and can then be answered.

## DISPOSITION

This is a proper case for issuance of a peremptory writ in the first instance. (Code Civ. Proc. § 1008; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].) The matter having been fully briefed, issuance of an alternative writ would add nothing to the exposition of the issues.[5]

Let a peremptory writ of mandate issue directing the superior court to vacate its order of January 17, 1996, granting plaintiff Ray's motion to compel further answers to interrogatories, and issue a new and different order denying the motion. The stay imposed is vacated.

Fukuto, Acting P. J., and Nott, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied September 18, 1996.

---

[5]Upon review of the briefs, we set this matter for hearing in compliance with the guidelines set forth in *Ng* v. *Superior Court* (1992) 4 Cal.4th 29, 35 [13 Cal.Rptr.2d 856, 840 P.2d 961].