[No. A123168. First Dist., Div. Two. Sept. 23, 2009.]

MICHAEL H. CLEMENT et al., Plaintiffs and Appellants, v.
FRANK C. ALEGRE, Defendant and Respondent.

COUNSEL

Samuel Goldstein & Associates, Samuel Elliot Goldstein; Law Offices of Stephanie J. Finelli and Stephanie Finelli for Plaintiffs and Appellants.

Belzer, Hulchiy & Murray, Nicholas P. Hulchiy; and Steven Barry Piser for Defendant and Respondent.

**OPINION**

**KLINE, P. J.—**

## INTRODUCTION

Twenty-three years ago, the Legislature enacted the Civil Discovery Act of 1986 (Code Civ. Proc., former § 2016 et seq.)[1] (the Act), a comprehensive revision of pretrial discovery statutes, the central precept of which is that civil discovery be essentially self-executing. More than 10 years ago, *Townsend v. Superior Court* (1998) 61 Cal.App.4th 1431 [72 Cal.Rptr.2d 333] (*Townsend*) lamented the all too often interjection of "ego and emotions of counsel and client[s]" into discovery disputes, warning that "[l]ike Hotspur on the field of battle, counsel can become blinded by the combative nature of the proceeding and be rendered incapable of informally resolving a disagreement."[2] (61 Cal.App.4th at p. 1436.) *Townsend* counseled that the "informal resolution" of discovery disputes "entails something more than bickering with [opposing counsel]." (*Id.* at p. 1439.) Rather, the statute "requires that there be a serious effort at negotiation and informal resolution." (*Id.* at p. 1438.)

This case illustrates once again the truth of *Townsend*'s observations, as well as highlighting the lengths to which some counsel and clients will go to avoid providing discovery (in this case by responding to straightforward interrogatories with nit-picking and meritless objections), resulting in delaying proceedings, impeding the self-executing operation of discovery, and wasting the time of the court, the discovery referee, the opposing party, and his counsel.

Plaintiffs Michael H. Clement and Michael H. Clement Corporation (plaintiffs) appeal from the Contra Costa County Superior Court's imposition of $6,632.50 in discovery sanctions. The sanctions were awarded against plaintiffs for interposing objections to special interrogatories propounded by defendant and respondent Frank C. Alegre, which objections the discovery referee found to be "unreasonable, evasive, lacking in legal merit and without justification." We agree and shall affirm the sanctions order.

## BACKGROUND

Plaintiffs sued defendant for, among other things, specific performance and unspecified damages in connection with a dispute arising out of the sale of

---

[1] All subsequent undesignated statutory references are to the Code of Civil Procedure.

[2] "Prior to his battle with Prince Hal, Henry Percy (Hotspur) spurns all efforts to peacefully resolve his differences with the King: [¶] 'For I profess not talking; only this—[¶] Let each man do his best: and here draw I [¶] A sword, whose temper I intend to stain [¶] With the best blood that I can meet withal [¶] In the adventure of this perilous day.' [¶] (Shakespeare, Henry IV, pt. I, act V, scene 2.)" (*Townsend, supra,* 61 Cal.App.4th at p. 1436, fn. 2.)

real property by plaintiffs to defendant. (The substantive facts of the underlying action are not relevant to the merits of the issues raised on this appeal.)

On November 12, 2007, defendant Alegre served two identical sets of 23 special interrogatories on plaintiffs: one set to plaintiff Clement, the individual, and one set to plaintiff corporation.[3] The interrogatories requested information on damages, causation, and the existence of a loan commitment. Plaintiffs answered three of the interrogatories and interposed objections to 20. As described by the referee, plaintiffs' objections were of two types:

"Special Interrogatory No. 1 requested a description of 'all economic damages you claim to have sustained. . . .' Clement objected that the question was 'vague and ambiguous'. Clement's contention that the term 'economic damages' is vague is based on propounding party's failure to specifically refer to Civil Code section 1431.2, [subdivision] (b)(1)[4] which defines economic damages. Thus, reasons Clement, 'Responding Party reasonably construes the failure to adopt this definition as expressing Propounding Party's intention to define economic damages in a manner different than as provided in California Civil Code Section [1431. 2, subdivision] (b)(1).' Clement goes on to supply a restricted definition of his own, to wit: the lost profit from the potential sale of the property to a third party buyer. Thus limited, he answers that he is aware of none."

"Special Interrogatory No. 2 asks: 'Please state the amount of such damages as identified in interrogatory number 1.' Clement's objections this time were (1) that this Special Interrogatory violates [section] 2030.060[, subdivision] (d) because it is not full and complete in itself, requiring, as it does, reference to the answer to an earlier interrogatory in the same set. He brands the reference to the answer to an earlier question as reference to 'other materials' in order to answer the question, citing *Catanese v. Superior Court* (1996) 46 Cal.App.4th 1159, 1164 [54 Cal.Rptr.2d 280]."[5] Plaintiff Clement also stated that he did not have to answer the interrogatory, because it would

---

[3] Plaintiff corporation's answers and objections were served on December 16, 2007, one day before they were due. Plaintiff Clement's answers and objections were alleged to be late and were the subject of a motion for relief pursuant to section 2030.290. The discovery referee determined the question of timeliness was moot in light of his order granting the motion to compel and sanctions.

[4] Civil Code section 1431.2, subdivision (b)(1) provides in relevant part: "For purposes of this section, the term 'economic damages' means objectively verifiable monetary losses including medical expenses, loss of earnings, burial costs, loss of use of property, costs of repair or replacement, costs of obtaining substitute domestic services, loss of employment and loss of business or employment opportunities."

[5] *Catanese v. Superior Court, supra,* 46 Cal.App.4th 1159 (*Catanese*) was disapproved on other grounds in *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1237, 1243–1244 [82 Cal.Rptr.2d 85, 970 P.2d 872].

deny him 30 days to respond, as interrogatory No. 2 was a followup question that referred to the answer to interrogatory No. 1, and there could be no answer to interrogatory No. 2 in existence until the response to interrogatory No. 1 was rendered. The 30 days to answer interrogatory No. 2 would start *after* the answer to interrogatory 1. Finally, Clement stated that he would meet and confer in good faith with defendant to resolve any dispute, without the need for a motion. However, he also stated no response to a meet and confer communications could be given without "reasonable time and opportunity to consult with [his] attorney."

The objection to the term "economic damages" as vague and ambiguous was interposed to interrogatories Nos. 1 and 6. The objection that the interrogatories violated section 2030.060, subdivision (d) because each was not "full and complete in itself" was interposed to interrogatories Nos. 2 through 5, 7 through 16, 18, 20, 22 and 23.

The parties engaged in a series of "meet and confer" letters. (See §§ 2030.300, subd. (b), 2016.040.) Upon receiving plaintiffs' objections, defendant's counsel, Steven B. Piser, pointed out by letter dated January 5, 2008, that Clement himself had quoted Civil Code section 1431.2, subdivision (b)(1) in his objection and characterized it as the "generally accepted definition" for " 'economic damages.' " Defendant's counsel then reiterated that that was the information sought. With respect to plaintiffs' objections that each interrogatory was not "full and complete in and of itself" (§ 2030.060, subd. (d)), Piser distinguished *Catanese, supra,* 46 Cal.App.4th 1159, argued that each interrogatory was full and complete in and of itself, and explained with respect to interrogatory No. 2, "[t]he fact that the question asks for a quantification [of] damages that were requested to be described in an earlier interrogatory does not make it incomplete. . . . The interrogatory merely asks for the amount of damages your client is claiming as a result of Mr. Alegre's alleged breach of any agreement between your clients and him." Counsel made a similar argument for each of the interrogatories challenged on this basis.

Plaintiffs' counsel, Samuel E. Goldstein, responded on January 16, 2008, suggesting that the interrogatories be withdrawn and replacement discovery, eliminating the concerns stated, be served on plaintiffs. Goldstein reiterated that the definition of "economic damages" was vague and suggested that defendant's counsel should redraft the interrogatories to provide a definition of the term. As to the balance, Goldstein stated that although the "interrogatories do not create the immense burden noted by the *Catanese* Court, they do violate the code."

Piser responded on January 18, 2008, reiterating defendant's position that the interrogatories were full and complete in and of themselves and that the term "economic damages" was clear. He notified plaintiffs that he would be filing a motion to compel and for sanctions. He again advised that the interrogatories contemplated a broad definition of the term "economic damages," in accordance with the statutory definition plaintiffs had cited. Attorney Goldstein responded via a faxed letter on January 23, 2008, stating that plaintiffs were willing to accept the revised and more expansive definition of the term "economic damages" and *would respond within 30 days of a letter providing a written definition of the term*. He also reiterated plaintiffs' demand that defendant serve replacement special interrogatories that "eliminate improper incorporation by reference of other answers."

On January 29, 2008, defendant moved to compel further responses to the special interrogatories, to strike objections, and for sanctions against plaintiff corporation and attorney Goldstein. (Defendant had already moved in late December to compel answers and for sanctions against Clement the individual, as distinct from the corporation, on grounds of his failure to respond to the special interrogatories. Clement responded on December 24, 2007, raising the same objections as had the corporation.)

The matter was heard by discovery referee, Laurence D. Kay, on August 14, 2008, nine months after the interrogatories had been propounded. On August 20, 2008, the referee found, citing *Deyo v. Kilbourne* (1978) 84 Cal.App.3d 771, 783 [149 Cal.Rptr. 499], that plaintiffs had "deliberately misconstrued the question" insofar as they contended the phrase "economic damages" was too vague. He further found with respect to plaintiffs' claim that an interrogatory that referenced a prior interrogatory was not full and complete in itself, that the case cited by plaintiffs was "inapposite and the objection frivolous." The referee determined "the objections and each of them to be unreasonable, evasive, lacking in legal merit and without justification. [Citing §§ 2030.300, subd. (a)(1) et seq., 2023.010, subds. (e), (f).]"[6]

The referee also found that the exchange of letters reflected the parties were at an impasse that could not be resolved through meet and confer and

---

[6] "(a) On receipt of a response to interrogatories, the propounding party may move for an order compelling a further response if the propounding party deems that any of the following apply: [¶] (1) An answer to a particular interrogatory is evasive or incomplete." (§ 2030.300, subd. (a)(1).)

"Misuses of the discovery process include, but are not limited to, the following: [¶] . . . [¶] (e) Making, without substantial justification, an unmeritorious objection to discovery. [¶] (f) Making an evasive response to discovery." (§ 2023.010, subds. (e), (f).)

found "without merit" plaintiffs' suggestion that it was defendant who failed to properly engage in the meet and confer process. The referee found "moot" and did not address defendant's claim that objections were waived by the tardy filing of the responses of Clement individually.

Consequently, the referee recommended that plaintiffs be ordered to provide further answers without any of the objections previously interposed and recommended sanctions be imposed by the court as follows: Plaintiffs were to reimburse defendant $4,950 for legal fees, plus $40 for filing the motions to compel and $1,642.50 for defendant's one-half of the referee fee for referee time spent exclusively on the motion (not including one and one-half hours of hearing time on the motion, as other motions were heard at that same hearing). The court adopted the referee's order on September 5, 2008, and the order was entered on September 10, 2008. This timely appeal followed.[7]

## DISCUSSION

### A. *Monetary Sanctions Authorized*

"The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct. . . . If a monetary sanction is authorized by any provision of this title, the court *shall* impose that sanction unless it finds that the one subject to the sanction acted with *substantial justification* or that other circumstances make the imposition of the sanction unjust." (§ 2023.030, subd. (a), italics added.)

■ " 'Misuse of the discovery process includes failing to respond or submit to authorized discovery, *providing evasive discovery responses*, disobeying a court order to provide discovery, unsuccessfully making or opposing discovery motions without substantial justification, and failing to meet and confer in good faith to resolve a discovery dispute when required by statute to do so.' [Citation.]" (*In re Marriage of Michaely* (2007) 150 Cal.App.4th 802, 809 [59 Cal.Rptr.3d 56], italics added.)

### B. *Standard of Review*

"We review the trial court's order imposing the sanction for abuse of discretion. (*Sears, Roebuck & Co. v. National Union Fire Ins. Co. of*

---

[7] "The award of a monetary sanction in excess of $5,000 is directly appealable. (§ 904.1, subd. (a)(12).)" (*Sinaiko Healthcare Consulting, Inc. v. Pacific Healthcare Consultants* (2007) 148 Cal.App.4th 390, 401 [55 Cal.Rptr.3d 751] (*Sinaiko*).)

*Pittsburgh* (2005) 131 Cal.App.4th 1342, 1350 [32 Cal.Rptr.3d 717].) We resolve all evidentiary conflicts most favorably to the trial court's ruling (*ibid.*), and we will reverse only if the trial court's action was ' " 'arbitrary, capricious, or whimsical.' " ' [Citation.]" (*Sinaiko, supra*, 148 Cal.App.4th 390, 401; see, e.g., *In re Marriage of Michaely, supra*, 150 Cal.App.4th 802, 809.) " 'It is [the appellant's] burden to affirmatively demonstrate error and, where the evidence is in conflict, this court will not disturb the trial court's findings.' [Citation.] To the extent that reviewing the sanction order requires us to construe the applicable discovery statutes, we do so de novo, without regard to the trial court's ruling or reasoning. [Citation.]" (*Sinaiko, supra*, 148 Cal.App.4th at p. 401.)

## C. *Vagueness Objection to "Economic Damages" Term*

Plaintiffs assert that "economic damages" was not a defined term in defendant's discovery and that the term was, therefore, ambiguous. This contention is preposterous in the circumstances presented. Moreover, plaintiff's reliance upon attorney Goldstein's assertion in the trial court that he did not intend to be evasive or to avoid providing information completely ignores the applicable standard of review.

Ample evidence supports the referee's determination that plaintiffs "deliberately misconstrued the question." Plaintiffs *themselves* quoted the statute defining the term in their initial response. Yet they objected, and then deliberately provided an answer using a definition narrower than that provided by statute. Somewhat artfully, plaintiffs urge that Goldstein agreed in his January 23, 2008 letter to respond to any definition of economic damages that plaintiffs chose to provide. However, even after defendant's counsel advised that the term was being used as defined in the statute plaintiffs had cited, plaintiffs did not answer the question, but demanded that defendant supply the definition *in writing* and allow them an extra 30 days from the date of receipt in which to respond. Clearly this was "game playing" and supports the referee's findings and the sanctions award.

■ Even assuming we agreed that neither plaintiffs nor Goldstein intended to be evasive—and we do not—their intent is not relevant here. "There is no requirement that misuse of the discovery process must be willful for a monetary sanction. to be imposed." (Cal. Civil Discovery Practice (Cont.Ed.Bar 4th ed. May 2009 update) § 15.94, p. 1440, citing Code Civ. Proc., § 2023.030, subd. (a); see 2 Hogan & Weber, Cal. Civil Discovery (2d ed. 2005) Sanctions, § 15.4, p. 15-8 ["Whenever one party's improper actions—even if not 'willful'—in seeking or resisting discovery necessitate the court's intervention in a dispute, the losing party presumptively should

pay a sanction to the prevailing party" (fn. omitted)]; *Kohan v. Cohan* (1991) 229 Cal.App.3d 967, 971 [280 Cal.Rptr. 474].)

Sanctions were warranted here, as plaintiffs' objection to the term "economic damages" was without "substantial justification" and their responses to those interrogatories were evasive. (§§ 2023.030, subd. (a), 2023.010, subds. (e), (f).)

D. *Objection That Question Was Not "Full and Complete in and of Itself"*

■ Plaintiffs' objections to most of the interrogatories propounded by defendant were based on the assertion that an interrogatory failed to comply with the statutory requirement that each be "full and complete in and of itself," where it referred to a previous interrogatory. Section 2030.060, subdivision (d) provides: "Each interrogatory shall be full and complete in and of itself. No preface or instruction shall be included with a set of interrogatories unless it has been approved under Chapter 17 (commencing with Section 2033.710 [form interrogatories approved by the Judicial Council of California])." All special interrogatories are subject to the requirements of this section and to the presumptive numerical limitation of section 2030.030, subdivision (b), providing with certain exceptions that "no party shall, as a matter of right, propound to any other party more than 35 specially prepared interrogatories. . . ." (See also §§ 2030.040, 2030.070.)

Plaintiffs do not contend that any of the interrogatories to which they objected on this basis were unclear, or that the interrogatories, considered either singly or collectively, in any way undermined or violated the presumptive numerical limit of 35 interrogatories of section 2030.030. Yet plaintiffs seized on what might have been *at most* an arguable technical violation of the rule to object to interrogatories that were clear and concise where the interrogatories did not even *arguably* violate the presumptive numerical limitation set by statute. In so doing, plaintiffs themselves engaged in the type of gamesmanship and delay decried by the drafters of the Act.[8]

The rule that each specially prepared interrogatory must be "full and complete" by itself (§ 2030.060, subd. (d)), together with the rule that "[n]o

---

[8] The Act as originally introduced was the work product of the State Bar—Judicial Council Joint Commission on Discovery (Discovery Commission) "whose goal was to rewrite the law on discovery, with an emphasis on clarification and simplicity." (18 Pacific L.J. 495, 501, fn. 2; see 2 Hogan & Weber, Cal. Civil Discovery, *supra*, Proposed Cal. Civil Discovery Act of 1986 .and reporter's notes, appen. D.)

specially prepared interrogatory shall contain subparts, or a compound, conjunctive, or disjunctive question" (§ 2030.060, subd. (f)), "prevent evasion of the statutory limit on the number of interrogatories that one party may propound to another." (1 Hogan & Weber, Cal. Civil Discovery, *supra*, Interrogatories to a Party, § 5.3, pp. 5-6 to 5-7, fn. omitted.)

The reporter's notes, authored by Professor Hogan, explain the genesis of the numerical limitation and the format restrictions embraced by the Act. "Paragraph (1) [now § 2030.030, subd. (a)] of the proposed subdivision makes a major change in the existing law by imposing a presumptive limit of 35 on the number of interrogatories that may be propounded without leave of court or stipulation. [¶] In proposing this presumptive limit on the number of interrogatories, the Discovery Commission is addressing a concern that is well expressed in the following passage from *Deyo v. Kilbourne*[, *supra*,] 84 Cal.App.3d 771, 780–781: 'Lengthy interrogatories suitable to major litigation are often needlessly used in small cases. Questions are often repetitious or wholly irrelevant. While our discovery laws are designed to prevent trial by ambush, the most common cry from lawyers is that they are being "papered to death." ' " (2 Hogan & Weber, Cal. Civil Discovery, *supra*, Proposed Cal. Civil Discovery Act of 1986 and reporter's notes, appen. D, p. AppD-57.)

As to the specific provision at issue in this case, the reporter's note continues: "Prefaces, Instructions, Definitions, and Sub-Parts. This provision is included to prevent wrangling about whether a party is evading the 35-question limit by using prefaces, instructions, definitions, and sub-parts to exceed the substance of the restriction it imposes. The Commission does not believe that boiler plate interrogatories, prefaces, instructions, definitions, or sub-parts are per se abusive. *Instead, it recognizes the need to control use of these devices lest they become the vehicle for evasion of the 35-question limit.*"[9] (2 Hogan & Weber, Cal. Civil Discovery, *supra*, Proposed Cal. Civil Discovery Act of 1986 and reporter's notes, appen. D, p. AppD-58, italics added, boldface omitted.)

The focus of the reporter's note—and the statute—is upon the prohibition of prefaces, instructions, definitions, and subparts (except as approved by the

---

[9] Form interrogatories of the Judicial Council are exempted from many of the restrictions to which special interrogatories are subject. Use of form interrogatories was recommended by the Discovery Commission as a way to "at once avoid dispute concerning the wording of a particular interrogatory, and greatly expand the amount of information that would otherwise be obtained via counsel-prepared questions." (2 Hogan & Weber, Cal. Civil Discovery, *supra*, Proposed Cal. Civil Discovery Act of 1986, appen. D, pp. AppD-58 to AppD-59.)

Judicial Council) to "prevent wrangling" about whether the propounding party is attempting to evade the 35 question limit. (2 Hogan & Weber, Cal. Civil Discovery, *supra*, Proposed Cal. Civil Discovery Act of 1986 and reporter's notes, appen. D, p. AppD-58.) The reporter's note on this subdivision does not even mention the language seized upon by plaintiffs—that "[e]ach interrogatory shall be full and complete in and of itself." (§ 2030.060, subd. (d).) Nothing we have found in the legislative history of section 2030.060, subdivision (d) or its predecessor, former section 2030, subdivision (c)(5), provides any further clarification regarding the statutory language "full and complete in and of itself."

Plaintiffs rely upon *Catanese, supra*, 46 Cal.App.4th at page 1164, and upon Weil and Brown, California Practice Guide: Civil Procedure Before Trial (The Rutter Group 2009) paragraph 8:979.5, which provides: "No incorporation of other questions: The requirement that each interrogatory be 'full and complete in and of itself' is violated where resort must necessarily be made to *other materials* in order to answer the question. [Citation.]" (Weil & Brown, *supra*, p. 8F-21 (rev. # 1, 2009), italics added, boldface omitted, citing *Catanese* at p. 1164.)

First, the paragraph heading—"No incorporation of other questions"—is not mirrored by the substance of the paragraph, which identifies the violation as interrogatories requiring resort to "other materials" —not to a previous *question*—to answer the interrogatory. Second, the treatise clearly is relying upon *Catanese, supra*, 46 Cal.App.4th 1159, which involves a very different situation and which is demonstrably distinguishable. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 8:979.5, p. 8F-21.)

In *Catanese, supra*, 46 Cal.App.4th 1159, after the plaintiff had been deposed for eight days, she propounded a series of five interrogatories inquiring whether the defendant contended that any of her answers to questions in the deposition were untruthful, and if so, what evidence supported that contention. (*Id.* at pp. 1161–1162.) The appellate court concluded that the interrogatories violated the "rule of 35" and the requirement of "self-containment" codified in the predecessor to the current statute. (*Id.* at pp. 1163–1164.)[10] "This rule was violated here by interrogatories which

---

[10] Former section 2030, subdivision (c)(1) generally limited specially prepared interrogatories to 35, while former section 2030, subdivision (c)(5) required that "[e]ach interrogatory shall be full and complete in and of itself." The numerical restriction of 35 specially prepared interrogatories was carried forward into section 2030.030. (See Cal. Law Revision Com. com., 21A West's Ann. Code Civ. Proc. (2007 ed.) foll. § 2030.030, p. 293.) The requirement that "[e]ach interrogatory shall be full and complete in and of itself" was carried over without change to section 2030.060, subdivision (d). (See Cal. Law Revision Com. com., 21A West's Ann. Code Civ. Proc., *supra*, foll. § 2030.060, p. 299.)

necessarily incorporate, as part of each interrogatory, each separate question and answer in eight volumes of deposition. An interrogatory is not 'full and complete in and of itself' when resort must necessarily be made to *other materials* in order to complete the question. [The plaintiff] could have propounded interrogatories which inquire separately regarding each deposition question and answer, but if [she] had inquired separately in self-contained interrogatories, she would have violated the 'rule of 35.' " (46 Cal.App.4th at p. 1164, italics added.) The court further explained that the "interrogatories as worded effectively posed upwards of 10,000 separate questions. It was a violation of the 'rule of 35' to propound these interrogatories without the supporting declaration required by [the statute]." (*Id.* at p. 1165.)

Weil and Brown identify the vice of the interrogatories in *Catanese, supra*, 46 Cal.App.4th 1159, as follows: "[Plaintiff's] interrogatories were not 'full and complete in and of (themselves)' because they required reference to transcripts of [plaintiff's] deposition testimony. [Plaintiff] was effectively asking more than 10,000 separate questions (violating the Rule of 35)! [Citation.]" (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 8:979.5, p. 8F-22, italics omitted.)

 We read *Catanese* as it was intended: reference to other materials or documents or incorporation by reference of such materials is prohibited where the effect is to undermine the rule of 35. Unlike *Catanese*, reference to the previous interrogatory here does not refer to or incorporate other materials or documents. As the referee below concluded, *Catanese* is "inapposite." Section 2030.060 was designed to prevent precisely the type of attempt to avoid the presumptive limit of 35 that occurred in that case (see 1 Hogan & Weber, Cal. Civil Discovery, *supra*, § 5.6, p. 5-14), but that did not occur here.

To conclude otherwise in these circumstances would require a cumbersome redrafting of questions and potentially multiple rounds of discovery, undermining the Act's aim of clarity and simplicity and returning to the era of "paper[ing] to death" the opposition. (*Deyo v. Kilbourne, supra*, 84 Cal.App.3d at pp. 780–781.)[11]

---

[11] Plaintiffs here were not asked to refer to other materials in order to answer the special interrogatory questions. They were asked to answer 19 questions, all of which branch off from five questions (Nos. 1, 6, 17, 19 & 21) contained in a single document. For example, special interrogatory No. 6 asks plaintiffs to describe, with particularity, "all economic damages you claim to have sustained as a result of any alleged fraudulent conduct of defendant." Special interrogatory No. 8 asks plaintiffs, "As to each item of damages identified in interrogatory No. 6, please state the date such damages were incurred."

Plaintiffs not only objected on the grounds that the interrogatory was not "self-contained," but also objected below on the ground that this interrogatory (and similar ones) "asks a separate question of Responding Party based upon the response to the earlier Special Interrogatory. As the earlier response would not be required until the 35th day after service, this Special Interrogatory cannot be answered until the time that the earlier Special Interrogatory is answered. Accordingly, Responding Party certainly has less, and potentially no time within which to respond to this Special Interrogatory." Such answer is indicative of the type of evasion and frustration of the Act that would occur were we to adopt plaintiffs' interpretation of the statute.

■ Even the treatise upon which plaintiffs rely urges a practical approach to questions of interpretation. In referring to the prohibition of "compound, conjunctive, or disjunctive" questions (§ 2030.060, subd. (f)), Weil and Brown point out that the "purpose again is to prevent questions worded so as to require more information than could be obtained by 35 separate questions. [¶] How strictly this rule will be applied remains to be seen. Arguably, any question containing an 'and' or 'or' is compound and conjunctive!" (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 8:978.1, p. 8F-21.) They comment that "[t]he rule should probably apply only where *more than a single subject* is covered by the question. Questions regarding the same subject should be allowed although they include an 'and' or 'or.' For example: 'State your first name, middle name *and* last name, *and* your current address *and* telephone number.' Since only one subject is involved— identification of responding party—the question should not be objectionable because of the 'ands' used." (*Id.*, ¶ 8:979, p. 8F-21.)

Plaintiffs contend that even if they erred in objecting on the ground that the interrogatories were not "self-contained," there was "substantial justification" (§ 2023.030, subd. (a)) for their refusal, based upon the language of section 2030.060, subdivision (d), the dearth of case authority other than *Catanese, supra*, 46 Cal.App.4th at page 1164, and the heading in Weil and Brown, California Practice Guide: Civil Procedure Before Trial, *supra*, paragraph 8:979.5 at page 8F-21.

■ "It is a central precept to the Civil Discovery Act of 1986 (§ 2016 et seq.) . . . that civil discovery be essentially self-executing. [Citation.]" (*Townsend, supra*, 61 Cal.App.4th at p. 1434.) A self-executing discovery system is "one that operates without judicial involvement." (2 Hogan & Weber, Cal. Civil Discovery, *supra*, § 15.4, pp. 15-7 to 15-8.) Conduct frustrates the goal of a self-executing discovery system when it requires the trial court to become involved in discovery because a dispute leads a party to

move for an order compelling a response. (*Ibid.*) The reporter's notes to the predecessor to section 2023.030, subdivision (a) confirm that revision of the "substantial justification" provision was " 'intended to encourage judges to be more alert to abuses occurring in the discovery process. On many occasions, to be sure, the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the matter to court. *But the rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists.* And the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery. . . . *The proposed change provides in effect that expenses should ordinarily be imposed* unless a court finds that the losing party acted justifiably in carrying his point to court. At the same time, a necessary flexibility is maintained, since the court retains the power to find that other circumstances make an award of expenses unjust—as where the prevailing party acted unjustifiably. The amendment does not significantly narrow the discretion of the court, but rather presses the court to address itself to abusive practices. . . .' " (2 Hogan & Weber, Cal. Civil Discovery, *supra*, reporter's notes, appen. D, pp. AppD-19 to AppD-21, italics added, quoting advisory committee to Federal Rules of Civ. Proc., rule 34(a)(4) (28 U.S.C.), as amended in 1970; see Cal. Law Revision Com. com., 21A West's Ann. Code Civ. Proc., *supra*, foll. § 2023.030, p. 64.)

■ We have no difficulty in affirming the trial court's determination that in this case plaintiffs forced to court a dispute that was not "genuine." Indeed, the record here strongly indicates that the purpose of plaintiffs' objections was to delay discovery, to require defendants to incur potentially significant costs in redrafting interrogatories that were clear and that did not exceed numerical limits, and to generally obstruct the self-executing process of discovery. That plaintiffs seized upon an arguable deficiency in the interrogatories based on slim authority does not provide "substantial justification" for their objections. The trial court could look at the whole picture of the discovery dispute and was well within its discretion in rejecting plaintiffs' claim of substantial justification.

Moreover, even were we convinced—and we are not—that some of defendant's interrogatories violated the self-containment rule of section 2030.060, subdivision (d), we would find the court acted within its discretion in imposing sanctions here, based upon the ample evidence that plaintiffs'

objections and responses to defendant's interrogatories constituted a "misuse of the discovery process." (§ 2023.030, subd. (a).)[12]

E. *Meet and Confer Process*

■ Plaintiffs contend that sanctions were improper, because defendant's discovery motions were not preceded by a reasonable and good faith effort to meet and confer. (See §§ 2023.010, subd. (i), 2030.300, subd. (b).)[13] "The Discovery Act requires that, prior to the initiation of a motion to compel, the moving party declare that he or she has made a serious attempt to obtain 'an informal resolution of each issue.' [Citations.] This rule is designed 'to encourage the parties to work out their differences informally so as to avoid the necessity for a formal order. . . .' [Citation.] This, in turn, will lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants through promotion of informal, extrajudicial resolution of discovery disputes. [Citations.]" (*Townsend, supra*, 61 Cal.App.4th at p. 1435.)

Plaintiffs assert that it was defendant who engaged in gamesmanship by bringing the motions to compel in circumstances where he could have obtained the same result through the meet and confer process with less time and expense. The referee and the trial court rejected this claim, as do we, given the deference we accord on appeal to the trial court's determination. The referee found that "[a]n exchange of letters reflects that the parties were at an impasse that could not be resolved through meet and confer. [Plaintiffs'] suggestion that it was [defendant] that failed to properly engage in the meet and confer process is without merit."

■ "An evaluation of whether, from the perspective of a reasonable person in the position of the discovering party, additional effort appeared

---

[12] Defendant has not sought an award of sanctions for plaintiffs' filing of a frivolous appeal. (Cal. Rules of Court, rule 8.276.) At oral argument we initially delayed submission of this case to consider whether the interests of justice would be served by the award of sanctions here on our own motion, after providing the parties a further opportunity to address the sanctions question. We have determined not to further consider the award of sanctions on appeal, as they have not been sought by defendant, they would entail further time and expense on the part of both defendant and this court, and would further delay resolution of this case.

[13] "Misuses of the discovery process include, but are not limited to, the following: [¶] . . . [¶] (i) Failing to confer in person, by telephone, or by letter with an opposing party or attorney in a reasonable and good faith attempt to resolve informally any dispute concerning discovery . . . ." (§ 2023.010, subd. (i).)

"A motion [for an order compelling a further response] under subdivision (a) shall be accompanied by a meet and confer declaration under Section 2016.040." (§ 2030.300, subd. (b).)

"A meet and confer declaration in support of a motion shall state facts showing a reasonable and good faith attempt at an informal resolution of each issue presented by the motion." (§ 2016.040.)

likely to bear fruit, should also be considered. Although some effort is required in all instances (see, e.g., *Townsend, supra,* 61 Cal.App.4th at p. 1438 [no exception based on speculation that prospects for informal resolution may be bleak]), the level of effort that is reasonable is different in different circumstances, and may vary with the prospects for success. These are considerations entrusted to the trial court's discretion and judgment, with due regard for all relevant circumstances." (*Obregon v. Superior Court* (1998) 67 Cal.App.4th 424, 432–433 [79 Cal.Rptr.2d 62].)

The record of correspondence between the parties provides adequate support for the finding that the parties were at an impasse, as does the declaration of attorney Piser filed pursuant to section 2016.040, in support of the motion to compel further responses and for sanctions. Moreover, as we have observed previously, Attorney Goldstein's offer to accept a revised and expanded definition of "economic damages" continued to require defendant to supply a written definition of the term and asserted that plaintiffs would have an additional 30 days from receipt of such writing in which to respond. We have previously observed that this was "game playing" aimed at delay and supports the referee's findings and the sanctions award. That defendant "never compromised his position" that the interrogatories were proper does not constitute a failure to meet and confer, as plaintiffs seem to suggest. In fact, defendant made clear in Attorney Piser's letters that he was using the term "economic damages" as defined in the statute cited by plaintiffs in their opposition. That Piser refused to be bullied into rewriting adequate interrogatories and extending more time for responses does not constitute a failure to meet and confer, in view of the entire correspondence between the parties. Substantial evidence supports the referee's findings on this matter. The trial court did not abuse its discretion in awarding discovery sanctions.

Nevertheless, we feel compelled to observe that resort to the courts easily could have been avoided here had *both* parties actually taken to heart Justice Stone's admonitions in *Townsend* that "the statute requires that there be a serious effort at negotiation and informal resolution." (*Townsend, supra,* 61 Cal.App.4th at p. 1438.) Perhaps after 11 years it is necessary to remind trial counsel and the bar once again that "[a]rgument is not the same as informal negotiation" (*id.* at p. 1437); that attempting informal resolution means more than the mere attempt by the discovery proponent "to persuade the objector of the error of his ways" (*id.* at p. 1434); and that "[a] reasonable and good faith attempt at informal resolution entails something more than bickering with [opposing] counsel . . . . Rather, the law requires that counsel attempt to talk the matter over, compare their views, consult, and deliberate" (*id.* at p. 1439).

## DISPOSITION

Discovery order No. 1, granting defendant's motions 201 and 202 to compel and awarding sanctions, is affirmed. Defendant shall recover his costs on this appeal.

Haerle, J., and Richman, J., concurred.