Filed 6/20/24  Light Wireless Communications v. Jaffe CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| LIGHT WIRELESS COMMUNICATIONS, LLC, et al.,<br><br>Plaintiffs and Respondents,<br><br>v.<br><br>DOUGLAS JAFFE,<br><br>Defendant and Appellant. | D081842<br><br><br>(Super. Ct. No. 37-2020-00006157-CU-BC-CTL) |


APPEAL from an order of the Superior Court of San Diego County, Carolyn M. Caietti, Judge.  Affirmed.

Law Office of Douglas Jaffe and Douglas Jaffe, in pro per., for Defendant and Appellant.

MBK Chapman, Jason K. Boss and William D. Chapman for Plaintiffs and Respondents.

MEMORANDUM OPINION

Douglas Jaffe appeals from an order awarding $10,000 in discovery sanctions to Light Wireless Communications, LLC.  By memorandum opinion, we conclude the trial court did not abuse its discretion in issuing the

sanctions. (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854.) We therefore affirm.

A court may impose a monetary sanction for misuse of the discovery process, which includes failing to respond to discovery, providing evasive responses, disobeying a court order to provide discovery, or unsuccessfully opposing a discovery motion. (*Clement v. Alegre* (2009) 177 Cal.App.4th 1277, 1285 (*Clement*).) If a monetary sanction is authorized, the court *shall* impose that sanction unless the party subject to the sanction acted with substantial justification. (Code Civ. Proc., § 2023.030(a).)

We review orders imposing sanctions for abuse of discretion. (*People v. Edwards* (2023) 88 Cal.App.5th 1259, 1266.) "[T]his standard of review is highly deferential to the trial court's wide discretion in determining the facts, choosing from the array of available sanctions, and deciding the severity of any sanction chosen." (*People v. Landers* (2019) 31 Cal.App.5th 288, 304.) Due process considerations require that the sanction is suitable and necessary to enable the party seeking discovery to obtain the objects of the discovery sought, but the court may not impose sanctions designed to punish. (*Petersen v. City of Vallejo* (1968) 259 Cal.App.2d 757, 782.) We will reverse a sanctions order only if the trial court's action was arbitrary, capricious, or whimsical. (*Clement*, *supra*, 177 Cal.App.4th at p. 1286.)

Jaffe contends Light Wireless failed to properly meet and confer before filing its motion and the trial court ignored his opposing separate statement regarding each special interrogatory at issue. Jaffe asserts the true reason for the sanction was to punish him but provides no argument or record support for such contention. Based on our review of the record, Jaffe's claims have no merit.

The trial court ordered the instant sanction after Jaffe's seventh supplemental response to Light Wireless' special interrogatories in this legal malpractice lawsuit brought by Jaffe's former clients. This was the third time the trial court ordered monetary sanctions against Jaffe. The court previously ordered him to pay Light Wireless $4,365 for failure to adequately respond to document requests.

Regarding the special interrogatories at issue, Jaffe initially responded with boilerplate objections. After Jaffe ignored counsel's meet and confer letter, Light Wireless filed a motion to compel seeking over $9,000 in sanctions. Jaffe supplemented his responses just before the hearing. For almost all responses, he cited section 2030.230 and directed Light Wireless to his "document production, the Court file, and the file that was received by Plaintiffs at the time Jaffe substituted out" of the underlying cases.

Among other insufficiencies, the trial court found Jaffe's reliance on section 2030.230 was "incomplete" as that provision requires the responding party to specify the responsive documents "in 'sufficient detail to permit the propounding party to locate and to identify'" the documents, which Jaffe's responses failed to do. The court also found that Jaffe's late supplemental responses showed "indicia of inappropriate gamesmanship." The court compelled code-complaint responses without objections to 145 out of 148 special interrogatories and sanctioned Jaffe $5,000. What followed was a series of supplemental responses and meet and confer letters, culminating in Jaffe's seventh supplement that is the subject of Light Wireless' motion.

Jaffe's contention that Light Wireless failed to properly meet and confer prior to filing their motion is disingenuous, as Light Wireless sent three comprehensive meet and confer letters in the process. After Jaffe's sixth supplemental response, which he served just two days after his fifth,

3

Light Wireless made clear in its final meet and confer letter that its next move would be for monetary, evidentiary, and terminating sanctions absent code-complaint responses. Jaffe's seventh supplement was still insufficient and largely the same as his sixth, contrary to his claim that they are "substantially different." Light Wireless' effort to meet and confer prior to moving for sanctions was reasonable, as well as the court's finding that any additional effort would not have been fruitful. (*Clement, supra,* 177 Cal.App.4th at p. 1294.)

Contrary to Jaffe's claim that the trial court did not consider his responsive separate statement, Jaffe and the court referenced his separate statement at the hearing, Jaffe conceded that he could supplement some responses, the court reconsidered the requests that Jaffe urged he could not further respond to, and the court ultimately identified over 70 responses that Jaffe could and was required to supplement.

Without addressing each deficiency, Jaffe's seventh supplemental response still referenced his entire document production and the underlying case dockets. The court had warned Jaffe this was insufficient, Light Wireless raised the issue again in its final meet and confer letter, and as stated in the court's order on appeal, "[t]his continues to remain the case with the seventh supplemental responses for many of the interrogatory responses." Jaffe argues, as he did below, that he did not reference just "Jaffe Document Production" but rather specified the pages of the document production. However, he "specified" pages 1-127 each time, which is his entire production. Similarly, while Jaffe contends he specified the court register of action numbers, it appears he identified the entire range of entries for each docket.

The sanctions were not "arbitrary, capricious, or whimsical" in light of Jaffe's conduct, which included providing evasive responses and refusing to

4

comply with a discovery order. There is no indication the court issued the sanctions as a means of punishment; rather, the court made clear "the monetary sanctions are intended not to penalize anyone." The court selected an amount that would motivate Jaffe to comply with his discovery obligations. While Jaffe contends the amount Light Wireless requested— $28,000—was unreasonable, the court reduced the award to $12,000 in its tentative and further reduced it to $10,000 in its final order after hearing argument. Besides a passing reference to block billing in his briefs, Jaffe makes no argument that the $10,000 was an unreasonable amount to award.

Finally, Jaffe contends Light Wireless "had a pattern of needlessly moving to compel and seeking excessive sanctions" based on one motion to compel responses to document requests that Light Wireless subsequently withdrew. Without expressing any opinion on the legitimacy of this contention, it has no bearing on Light Wireless' justification for seeking sanctions for Jaffe's failure to provide previously-ordered code-complaint responses to special interrogatories.

DISPOSITION

The order is affirmed. Light Wireless is to recover its costs on appeal.

CASTILLO, J.

WE CONCUR:

DATO, Acting P. J.

KELETY, J.

5