**COTRACOM COMMODITY TRADING CO., et al., Plaintiffs,**

v.

**SEABOARD CORPORATION, et al., Defendants.**

No. Civ.A. 97–2391–GTV.

United States District Court, D. Kansas.

Oct. 1, 1999.

Stephen M. Sacks, John C. Massaro, Arnold & Porter, Washington, DC, Patrick J. Stueve, Berkowitz, Feldmiller, Stanton, Brandt, Williams & Stueve, LLP, Kansas City, MO, Roger D. Stanton, Mark A. Stites, Berkowitz, Feldmiller, Stanton, Brandt, Williams & Stueve, LLP, Prairie Village, KS, for plaintiffs.

J. Eugene Balloun, William R. Sampson, Paul W. Rebein, Shook, Hardy & Bacon L.L.P., Overland Park, KS, for defendants.

#### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

The court has under consideration Defendant Seaboard Corporation's Motion to Compel Discovery from Plaintiffs and for Sanctions (doc. 108). Pursuant to Fed.R.Civ.P. 37, defendant seeks an order to compel plaintiffs to comply with this court's order of May 6, 1998, and to respond to Defendants' Second Request for Production of Documents. It also seeks sanctions against plaintiffs. Plaintiffs oppose the motion. By letter they ask the court to permit oral argument. The court finds no need for oral argument. It thus denies the request. It will rule on the written briefs.

## I. Post–Reply Briefing

■ The Rules of Practice of the United States District Court for the District of Kansas authorize a reply brief within ten days of the filing of an opposition to a motion. *See* D.Kan.Rule 7.1. The court has discretion to permit subsequent briefing. *See Mike v. Dymon, Inc.*, No. Civ.A. 95–2405–EEO, 1996 WL 427761, at *2 (D.Kan. July 25, 1996). It likewise has discretion to consider the additional, unauthorized briefing now before it. It rarely exercises such discretion. It declines to do so here.

■ Defendant claims to file its supplemental memorandum "to bring a very serious matter to the Court's attention." It then proceeds to expand the original issues of its motion. It asks the court to dismiss the claims of plaintiffs with prejudice, as a sanction for violations of discovery rules and orders of the court. Such request has no proper place in a "supplement" to a motion filed months before. Defendant originally sought only monetary sanctions. The court declines to expand the pending motion by a supplement.

## II. Motion to Compel

The motion seeks an order to compel plaintiffs to respond to Defendants' Second Request for Production of Documents. Before considering the merits of that part of the motion, the court must determine whether defendant has complied with the conference requirements of the Federal Rules of Civil Procedure and Rules of Practice of the United States District Court for the District of Kansas before filing its motion to compel. Plaintiffs contend that defendant made no serious effort to resolve the dispute prior to filing the motion. By filing no timely reply brief against the opposition of plaintiffs, defendant has acquiesced to the factual allegations contained therein. *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 634–35 (D.Kan.1999). The court, nevertheless, applies the law to those facts. It thus considers the steps taken by defendant and determines whether they fulfill the duty to confer.

Defendant attaches an affidavit to its memorandum in support of the motion, wherein its attorney avers: "I have conferred by telephone on numerous occasions with counsel for Plaintiffs, Stephen Sacks and John Massaro, in a good faith effort to resolve this discovery dispute." (Aff. Paul W. Rebein, attached as Ex. D to Mem.Supp.Mot. Compel & Sanctions at ¶ 4, doc. 109, hereinafter Mem.Supp.) Mr. Rebein also attaches five letters to his affidavit "which reflect the efforts to resolve the dispute." (*Id.*)

On October 1, 1998, defendant hand-delivered the requests here at issue to counsel for plaintiff. (Letter from Rebein to Sacks of 11/17/98, at ¶ 1, attached as Ex. 3 to Aff. of Rebein.) On October 29, 1998, plaintiffs served written responses to them. (Pls.' Resp. to Second Reqs. Produc., attached as Ex. 3 to Pls.' Opp'n to Mot. Compel, doc. 114, hereinafter Opp'n.) They raised both general and specific objections against the requests. (*Id.*) They also stated generally that they

will produce any documents responsive to the requests and not subject to the objections ... at a time and place to be agreed upon by counsel, and stand ready to discuss their response to any individual request with counsel for Seaboard Corporation in an effort to reach compromise on any disputed matters.

(*Id.* at 2.)

The following constitutes a chronology of the efforts to confer on the discovery dispute now before the court:

1. On October 30, 1998, defense counsel "called Mr. Massaro and requested that all responsive documents be copied and sent to [him]." (Letter from Rebein to Sacks of 11/17/98, at ¶ 3, attached as Ex. 3 to Aff. of Rebein.)

2. On November 5, 1998, defense counsel faxed a letter to Mr. Massaro. It states in its entirety:

As I informed you in our telephone conference of October 30, 1998, we want copies of all of the documents that are responsive to Defendants' Second Request for Production of Documents. It was my understanding that you were going to forward those documents to me, but we have still not received them. Please send them to me via Federal Express as soon as possible.

(Letter from Rebein to Massaro of 11/5/98, attached as Ex. 1 to Aff. of Rebein.) Mr. Massaro sent a return fax to Mr. Rebein, wherein he states:

On the issue of our documents, as I mentioned on the phone, consistent with the terms of our written response to your request, I will provide you with any documents that are located and provided to me as expeditiously as possible. At present, we are continuing to search for any responsive documents that may exist; my understanding is none have been located yet.

(Letter from Massaro to Rebein of 11/6/98, attached as Ex. 2 to Aff. of Rebein.)

3. On November 10, 1998, defense counsel called the office of Mr. Massaro. He learned that Mr. Massaro was on vacation until November 23, 1998. He thus called co-counsel Stephen Sacks, who informed him that he was not prepared to discuss the document production. (Letter from Rebein to Sacks of 11/17/98, at ¶ 6.)

4. On November 11, 1998, Messrs. Rebein and Sacks spoke via telephone. Mr. Sacks declined to discuss the document production. He stated that Mr. Massaro was handling the matter. He further stated that only Mr. Massaro possessed sufficient knowledge to address the dispute. He declined to disturb the vacation of Mr. Massaro. He, nevertheless, agreed to check to see whether plaintiffs had responsive documents. (*Id.* at ¶ 7.)

5. On November 17, 1998, defense counsel sent a fax summarizing the efforts to obtain the document production. He also expressed a belief that a motion to compel was within the rights of his clients. He stated:

In an effort to cooperate with counsel, however, we are going to hold off on filing a motion to compel until Mr. Massaro returns from vacation. It is our understanding that he will return on November 23, 1998. If we do not have the documents in our possession by noon on November 27, 1998, we will file our motion to compel.

(*Id.*) Mr. Sacks immediately responded to the fax of November 17, 1998, with his own fax. He again explained that Mr. Massaro was in charge of handling the issue of document production. He further explained that Mr. Massaro would return from Australia on November 23, 1998. He also noted that Thanksgiving fell on November 26, 1998. He concluded by suggesting that the unilaterally-imposed deadline was unreasonable. (Letter from Sacks to Rebein of 11/17/97, attached as Ex. 4 to Aff. of Rebein.) After returning from vacation, Mr. Massaro sent a follow-up fax to Mr. Rebein on November 24, 1998, wherein he stated:

> [O]n the issue of documents, we will do our best to produce to you as quickly as possible any additional responsive non-privileged documents in our possession that exist as set forth in our document response. At present, after our search, we are aware of no such documents other than the many that we have produced already.

(Letter from Massaro to Rebein of 11/24/97, attached as Ex. 5 to Aff. of Rebein.)

The record reveals no other efforts to confer prior to the filing of the motion to compel on November 30, 1998. Defense counsel made four phone calls and sent two letters in an attempt to obtain the requested documents. Were the court to only consider the number of attempts it might find that defendant made reasonable efforts to confer. The quantity of efforts of itself appears sufficient to satisfy the duty to confer imposed by the Federal Rules of Civil Procedure and the Rules of Practice of the United States District Court for the District of Kansas. The court, however, looks beyond the sheer quantity of contacts. It examines their quality as well. The duty to confer involves more than making a certain number of contacts with opposing counsel. The quality of the contacts is far more important than the quantity. In this instance the court does not find the efforts of defense counsel constitute reasonable efforts to confer in good faith.

 The conference requirements imposed by the Federal Rules of Civil Procedure and Rules of Practice of the United States District Court for the District of Kansas encourage resolving discovery disputes without judicial involvement. Before filing a motion to compel, the movant must make reasonable efforts to confer. That generally requires counsel to "converse, confer, compare views, consult and deliberate." *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ.A. 98–2138–KHV, 1999 WL 386949, at *2 (D.Kan. June 8, 1999) (quoting *Augustine v. Adams*, No. Civ.A. 95–2489–GTV, 1997 WL 260016, at *2 (D.Kan. May 8, 1997)). When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery. The parties need to address and discuss the propriety of asserted objections. They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.

 Plaintiffs suggest defendant has made no reasonable effort to resolve their objections before filing the motion to compel. As defendant has filed no timely reply brief, the factual assertions of plaintiffs on this issue are uncontested. The motion and supporting memorandum, furthermore, reveal no efforts to resolve the objections. Defense counsel essentially directed plaintiffs to produce responsive documents notwithstanding asserted objections. He unilaterally set a deadline by which plaintiffs had to produce the requested documents or face a motion to compel. Such deadline may be necessary once the parties reach an impasse with regards to the discovery dispute. In this instance, however, it appears premature. From the record before the court, it appears the parties never really discussed the crux of the dispute. Although the lack of discussion occurred partly due to the vacation of Mr. Massaro and the reluctance of Mr. Sacks to discuss the dispute in his absence, it appears to have occurred primarily because Mr. Rebein hastily filed the

motion. As co-counsel for plaintiffs, Mr. Sacks has some responsibility for the case. Such responsibility includes covering aspects being handled by Mr. Massaro. In appropriate circumstances defendant may satisfy the duty to confer by attempting to confer with an attorney of record other than the one handling the particular matter in dispute. Nothing indicates in this instance, however, that circumstances dictated conferring with Mr. Sacks, when Mr. Massaro was clearly in charge of handling the dispute. In addition nothing indicates that circumstances dictated the filing of the motion so soon after his return. Had defense counsel accorded counsel for plaintiffs common courtesy for vacation and holiday time by delaying the filing of the motion for a reasonable period after Mr. Massaro returned from his vacation the parties may have been able to resolve the dispute without judicial intervention. Under the circumstances of this case, the court does not find that counsel put forth adequate efforts to confer in good faith to resolve the present dispute. Accordingly, the court declines to entertain and thus overrules the motion to compel.

### III. Motion for Sanctions

The court next addresses that part of the motion of defendant which seeks sanctions. The motion arises from an earlier ruling, wherein the court ordered plaintiffs to further answer Interrogatories 1, 2, 3, 4, 5, and 10; produce documents responsive to the First Request for Production of Documents propounded by defendants, and serve a supplemental response to the requests. (Mem. & Order of May 6, 1998, at 7, doc. 38, hereinafter Order or Order of May 6, 1998.) Defendant contends plaintiffs have not produced all documents responsive to Requests 7, 18, and 26. It further contends that plaintiffs have not fully answered Interrogatory 4, as directed by the court.

Plaintiffs suggest that defendant has not requested the documents it now wants produced. They also suggest that they produced months ago many of the documents that defendant claims not to have received. They contend they have produced all docu-

ments required to be produced under the Order of May 6, 1998.

Request 7 asks plaintiffs to produce all of their "financial statements." Plaintiffs contend they have done so. Defendant suggests they have produced no "financial records" for 1997 and 1998. Plaintiffs explain that no "financial statements" exist for 1997 or 1998. The explanation shows compliance with the Order of May 6, 1998. The request asks for "financial statements" not "financial records." There is a material distinction.

Request 26 asks plaintiffs to produce all "account records . . . from any bank or other financial institution." Defendant contends plaintiffs have produced no "accounting ledgers" from 1992 to the present. Plaintiffs claim they have produced all account records responsive to Request 26. They suggest defendant has not requested "accounting ledgers." The court agrees. Defendant has not shown that business entities customarily receive "accounting ledgers" from banks or other financial institutions. They may receive such documents from accounting firms or they may otherwise create them. The court finds no non-compliance by the failure to produce "accounting ledgers" in response to Request 26.

Request 18 asks plaintiffs to produce certain correspondence. Defendant contends that plaintiffs have produced no correspondence from 1992 to present. Plaintiffs assert that they have produced responsive correspondence files for all requested years. They explain that they have produced no correspondence for plaintiff Cotracom Commodity Trading AG for 1998, because no such documents exist. Having filed no timely reply to the opposition of plaintiffs, defendant has acquiesced to the factual allegations of plaintiffs. Accordingly, the court finds plaintiff has complied with the Order of May 6, 1998, with respect to Request 18.

Interrogatory 4 asks whether plaintiffs have ever been financed by another person or entity and if so, it asks for the identity of those who financed plaintiffs and for what amount. Plaintiffs have answered except they have provided no information about amounts financed. They contend they do not possess any additional information respon-

sive to Interrogatory 4. They offer to supplement their answer to indicate that no further information exists.

The court finds the offer acceptable, if indeed no further information exists. That plaintiffs do not themselves "possess" further responsive information does not, however, show the non-existence of further responsive information. It seems reasonable to believe that plaintiffs have information about the amounts financed, absent a more clearly worded denial. Fed.R.Civ.P. 33(a) requires answering parties to "furnish such information as is available to the party." While the Rule does not define "available," the court has interpreted it to mean information known to the answering party or otherwise within its possession, custody, or control. *See Mike v. Dymon, Inc.,* No. Civ.A. 95–2405–EEO, 1996 WL 674007, at *2 (D.Kan. Nov. 14, 1996). Plaintiffs shall supplement their answer under oath to provide information about the amounts financed or to indicate that they have no further responsive information known to them or otherwise in their possession, custody, or control.

The court admonishes plaintiffs and their counsel to abide by the Federal Rules of Civil Procedure and the order of the court. It finds no other sanction justified under the circumstances.

## IV. Conclusion

For the foregoing reasons, the court sustains in part and overrules in part Defendant Seaboard Corporation's Motion to Compel Discovery from Plaintiffs and for Sanctions (doc. 108). Plaintiffs shall forthwith supplement their answer to Interrogatory 4, as directed herein. It admonishes them and their counsel for the failure to comply in all respects with the Order of May 6, 1998. It otherwise overrules the motion. It declines to consider the supplemental briefing filed on the motion.

IT IS SO ORDERED.