Genette HOELZEL, on behalf of herself
and all others similarly situated,
Plaintiff,

v.

FIRST SELECT CORPORATION,
Defendant.

No. CIV.A. 02–D–1227 (BNB).

United States District Court,
D. Colorado.

May 6, 2003.

Susan Marie Warren, Richard N. Feferman, Attorney at Law, Albuquerque, NM, for plaintiff.

Adam Lloyd Plotkin, Adam L. Plotkin, P.C., Denver, CO, for defendant.

### ORDER

BOLAND, United States Magistrate Judge.

This matter is before me on the **Plaintiff's Motion to Compel**, filed February 18, 2003. Because the plaintiff failed to comply with the requirements of D.C.COLO.LCivR 7.1A, the Motion to Compel is DENIED.

Local rule 7.1A, D.C.COLO.LCivR, *requires*:

> The court will not consider any motion, other than a motion under Fed.R.Civ.P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

The Motion to Compel contains the following sentence, apparently in an attempt to comply with the requirement of Rule 7.1A: "Plaintiff's counsel made a good faith effort to secure the responses without court action." Motion to Compel, p. 1. Contrary to the requirements of the local rule, the certificate does not describe at all, much less with sufficient detail to satisfy the requirements of the rule, the "specific efforts" made to resolve the dispute.

In its Response to the Motion to Compel the defendant states, and the plaintiff does not dispute, that "[t]he only communication Plaintiff attempted with Defendant before filing this motion was an e-mail sent on Wednesday, February 12, 2003." Response, p. 3. The e-mail is attached as an exhibit to the Response and states in its entirety:

> Defendant refused to respond to any of Plaintiff's discovery requests. Plaintiff intends to file a motion to compel. Please indicate whether Defendant opposes this motion.

*Id.* at Exh. C.

The purpose of Rule 7.1A is to require the parties to confer and to attempt to resolve a dispute before incurring the expense of filing a motion and before requiring the court to address a disputed issue. Rule 7.1A serves a particularly important function in connection with discovery disputes because the parties, through negotiations, frequently are able to narrow the discovery requests in a way which eliminates the need for judicial intervention. For example, in *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295 (D.Kan.1996), the court noted:

> These conference requirements serve to satisfactorily resolve discovery disputes without judicial involvement. Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere.

*Id.* at 302. Without meaningful negotiations by the parties, the courts would be flooded with discovery motions.

The language of Rule 7.1A is important. It requires that a moving party, before

filing a motion, *confer* or make a reasonable effort to *confer;* the requirement is not satisfied by a party making a demand for compliance. To confer means "to hold a conference; compare views; consult together." *The American Heritage Dictionary of the English Language* 278–79 (Ninth Printing 1971). The rule is not satisfied by one party sending a single e-mail to another party, and particularly not where, as here, the e-mail merely indicates an intention to file a motion to compel and does not suggest any negotiation or compromise. Nor, in my view, would a single letter or a single voice message satisfy the requirements of Rule 7.1A. *Pulsecard,* 168 F.R.D. at 302 (D.Kan.1996)(holding that one letter to opposing counsel does not satisfy a party's duty to confer in an attempt to resolve issues in dispute prior to filing a discovery motion, applying the equivalent rule in the District of Kansas). Rather, to satisfy the requirements of Rule 7.1A, the parties must hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement, including by compromise if appropriate.

I agree with the holding in *Cotracom Commodity Trading Co. v. Seaboard Corp.,* 189 F.R.D. 456 (D.Kan.1999), where the defendant made four telephone calls and sent two letters before filing its motion to compel:

> Were the court to only consider the number of attempts it might find that defendant made reasonable efforts to confer. The quantity of efforts of itself appears to satisfy the duty to confer imposed by the Federal Rules of Civil Procedure and the [local rules of practice]. The court, however, looks beyond the sheer quantity of contacts. It examines their quality as well. The duty to confer involves more than making a certain number of contacts with opposing counsel. The quality of the contacts is far more important than the quantity. In this instance the court does not find the efforts of defense counsel constitute reasonable efforts to confer in good

faith.... Before filing a motion to compel, the movant must make reasonable efforts to confer. That generally requires counsel to "converse, confer, compare views, consult and deliberate."

*Id.* at 459 (internal citations omitted).

The certification made in this case by counsel for the plaintiff, that he "made a good faith effort to secure responses without court action," is untrue. Plaintiff's counsel did not attempt in good faith to resolve the discovery dispute before filing the motion. After receiving the plaintiff's e-mail demand, defense counsel responded that he was out of the office until February 18, 2003, and requested that plaintiff's counsel contact him after February 18 to discuss the discovery dispute. Response, Exh. D. Instead of calling and meaningfully attempting to confer about the discovery issue as requested, plaintiff's counsel filed the Motion to Compel on February 18. The plaintiff did not initiate a conference in which the parties could discuss the propriety of the discovery requests or the defendant's asserted objections to them; the parties did not discuss precisely what information it is that the plaintiff needs or how the requests could be narrowed so as to avoid the defendant's objections; there was no deliberation, conversation, exchange of views, or consultation between the parties; nor was there any genuine attempt to resolve the dispute without judicial intervention.

Plaintiff's counsel flagrantly violated the requirements of Rule 7.1A and misstated the facts in his Motion to Compel. Accordingly,

IT IS ORDERED that the Motion to Compel is DENIED.