**Brian M. WILSON, Plaintiff,**

v.

**AARGON AGENCY, INC., et al., Defendants.**

**No. 2:07–cv–00616–LDG–LRL.**

United States District Court, D. Nevada.

Jan. 6, 2010.

Craig B. Friedberg, Law Offices of Craig B. Friedberg, Las Vegas, NV, for Plaintiff.

Mark J. Bourassa, The Bourassa Law Group, LLC, Las Vegas, NV, for Defendants.

**ORDER**

LAWRENCE R. LEAVITT, United States Magistrate Judge.

Before the court is defendant Aargon Agency Inc.'s Motion to Compel Further Responses to Aargon Agency, Inc.'s First Set of Interrogatories and Request for Sanctions (# 20), plaintiff, Brian M. Wilson's Opposition (# 35), plaintiff's Errata (# 37), and defendants' Reply (# 40). Also before the court is defendants' Second Motion to Extend Time Regarding Discovery/Non Dispositive Matter(# 23) and plaintiff's Opposition (# 36). No reply was filed to the latter motion.

Pursuant to Order (# 19), discovery in this case closed on September 2, 2009. No trial date has been set. Aargon Agency Inc.'s ("Aargon") propounded its first set of sixteen interrogatories, several of which contain four subparts, on June 23, 2009.[1] Mot. (# 20) at 3. Brian Wilson ("Wilson")

---

1. Aargon's interrogatories are number 1–12. However, Aargon erroneously repeated the use of "No. 6" and "No. 7," such that all interrogatories from what should be No. 8 forward are incorrectly numbered.

provided responses dated July 20, 2009. *Id.; see* Exh. 1 to Errata (# 37). Each response consists of boilerplate and specific objections followed by specific references to other discovery material or the pleadings, which Wilson alleges to be responsive. Wilson specifically objected to the number of interrogatories, maintaining that certain subparts should be considered independent and separate interrogatories and also that some interrogatories were compound—included several interrogatories in one. By Wilson's count, Aargon actually propounded thirty-five interrogatories. Opp'n (# 35) at 3; Exh. 1 to Errata (# 37).

On July 25, 2009, counsel for Aargon, Mark J. Bourassa ("Bourassa"), sent an email to counsel for Wilson, Craig B. Friedberg ("Friedberg"), stating, "Your ROG responses are less than adequate. I will follow-up with a formal letter." Exh. A to Friedberg Aff., Errata (# 37). The next communication on the issue, which "lasted less than a minute," was initiated by Friedberg during a break in depositions on August 19, 2009, during which he asked Bourassa for more information as to what was wrong with the responses. Friedberg Aff. at ¶ 15. Bourassa purportedly responded only that the responses were "inadequate," without providing any further details. *Id.* Nearly a week after this exchange and over a month since receiving Wilson's responses, Bourassa sent a letter dated August 25, 2009, stating "Your response to our Interrogatories is wholly inadequate. You respond to each question with what appears to be an identical objection and response. Your responses fail to answer even the most basic part of any interrogatory. Please provide ... supplemental responses which actually answer our interrogatories no later than the close of business on August 26, 2009." Exh. B to Mot. (# 20).

Bourassa followed this letter with another two days later, stating again, "your response to our Interrogatories is wholly inadequate." Exh. D to Mot. (# 20). Friedberg responded by letter the same day, noting, "you have demanded supplementation to Plaintiff's responses to Aargon's interrogatories, with the vague and ambiguous statement that they are 'wholly inadequate,' without any further explanation. You have not specified to which interrogatory responses you are objecting, nor what information in the response you find inadequate.... Since you have decided not to explain your issues with the interrogatory responses with any type of specificity, I am not obligated to guess what further response is needed or appropriate." Aargon filed the instant Motion to Compel on August 29, 2009, nearly two months after first receiving the interrogatory responses and four days following its first formal letter on the issue, dated August 25, 2009.

Aargon has also filed a Second Motion to Extend Time Regarding Discovery/Non Dispositive Matter (# 23) for 60 days so that it may take depositions of Wilson, Wilson's wife ("Ms.Wilson"), and Wilson's expert, Dr. Dan Smith ("Smith"). Wilson opposes the extension on grounds that Aargon's "lack of diligence and careless manner in which it has handled this matter overall, and particularly with respect to discovery" is not a good faith reason to extend discovery. *See* Opp'n (# 36) at 5. Wilson's deposition was scheduled for August 28, 2009. Aargon unilaterally canceled it on grounds that Wilson "failed to produce his responses to Defendant's request for Production of Documents until 4:00 p.m. on August 27, 2009," and because of the alleged inadequacy of the interrogatory responses. Mot. (# 23) at 2. Wilson states that the responsive documents were mailed on August 21, 2009; and even so, after learning that the documents had not yet arrived at Bourassa's office, Friedberg made available all of the documents to be picked up from his office on the morning of November 27, 2009. Opp'n (# 36) at 2. Defendant did not retrieve them. No discussion occurred between the parties to reschedule the deposition within the discovery period. *Id.* Aargon similarly canceled Ms. Wilson's deposition, absent discussion with her separate counsel. *See* Mot. (# 23) at 3. As to Smith, Aargon sent a subpoena dated August 14, 2009 to him in Chicago commanding him to appear in Las Vegas on the last day of discovery, September 2, 2009. *See* Opp'n (# 36) at 4. This court granted Smith's motion to quash the subpoena on September 25, 2009. Order (# 27).

## DISCUSSION

### A. Motion to Compel

 Aargon did not undertake to resolve this discovery dispute informally without involving the court, pursuant to the good faith "meet and confer" requirements of Federal Rule of Civil Procedure 37(a)(1) and Local Rule 26–7(b). Two back to back letters stating merely that Wilson's responses were "wholly inadequate" do not stand in as a "personal consultation and sincere effort ... to resolve the matter without court action." LR 26–7(b). When initiating an informal conference the parties must present to each other the merits of their respective positions with the same specificity with which they would brief the discovery dispute. *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D.Nev.1993). The meet and confer requirement is not merely a formalistic prerequisite to the resolution of discovery disputes and cannot be met by simply showing that the discovery in question was requested more than once. *See id.* Moreover, as acknowledged by Aargon in its Reply, Aargon has also failed to comply with LR 26–7(a) inasmuch as it did not "set forth in full the text of the discovery originally sought and the response thereto, if any." While Aargon represented that the omission was inadvertent and "the issue will be corrected shortly via Errata," *see* Reply (# 40) at 3, it has failed to file any such errata. Neither monetary sanctions nor an order compelling discovery is appropriate in this instance.

### B. Second Motion to Extend Time

 Aargon has failed to show good cause to extend the discovery deadline a second time. *See* Fed.R.Civ.P. 16. Aargon unilaterally cancelled the depositions of Wilson and Ms. Wilson, without any attempt to reschedule or otherwise consult with their respective counsel. Aargon relies heavily on its assertion that Wilson's failure to provide adequate responses to interrogatories and his failure to produce documents before November 27, 2009 necessitated cancellation of the deposition. As explained above, however, it does not appear that Aargon made a meaningful effort to resolve any issues surrounding the interrogatories during the two months that it

had the responses. That Aargon failed to oppose Smith's Motion to Quash Subpoena (# 21), resulting in the subpoena being quashed, is also not "good cause" to extend discovery so that it may now properly subpoena Smith for deposition. Moreover, the motion is untimely, *see* LR 26–4, and Aargon makes no effort to explain why the untimeliness is excusable.

Accordingly, and for good cause shown,

IT IS ORDERED that defendants' Motion to Compel Further Responses to Aargon Agency, Inc.'s First Set of Interrogatories and Request for Sanctions (# 20) is DENIED.

IT IS FURTHER ORDERED that defendants' Second Motion to Extend Time Regarding Discovery/Non Dispositive Matter(# 23) is DENIED.