#28555-r-DG
**2018 S.D. 87**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STEVEN J. KRUEGER and
CORALEE A. KRUEGER,                         Plaintiffs and Appellees,

  v.

GRINNELL MUTUAL
REINSURANCE COMPANY,                        Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
DAY COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JON S. FLEMMER
Judge

\* \* \* \*

LEE SCHOENBECK
JOE ERICKSON of
Schoenbeck Law, P.C.
Watertown, South Dakota                     Attorneys for plaintiffs and
                                            appellees.


MELANIE L. CARPENTER of
Woods, Fuller, Shultz
 & Smith, P.C.
Sioux Falls, South Dakota                   Attorneys for defendant and
                                            appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON NOVEMBER 12, 2018
OPINION FILED **12/19/18**

GILBERTSON, Chief Justice

[¶1.]    Steven and Coralee Krueger filed a complaint against Grinnell Mutual Reinsurance Co. (Grinnell) alleging failure to pay underinsured motorist benefits. The Kruegers served written discovery requests on Grinnell. Grinnell responded but raised several objections. The Kruegers wrote a letter demanding answers to certain discovery requests within a week. Grinnell did not respond, and the Kruegers filed a motion to compel. The circuit court granted the Kruegers' motion in its entirety, finding that Grinnell had sufficient notice of the Kruegers' bad faith claim and thus had intentionally not responded to requests related to a bad faith cause of action. The circuit court also granted the Kruegers' request for attorney fees. We granted Grinnell's request for discretionary appeal. We reverse.

**Facts and Procedural History**

[¶2.]    This case arises from an accident on March 14, 2015. The Kruegers were rear-ended by a vehicle driven by William Akron. Akron's insurance had limits of $50,000 per person. The Kruegers' policy with Grinnell included a $25,000 per person medical payment (med-pay) coverage and underinsured motorist coverage of $250,000 per person or $500,000 per accident. Following the accident, claims for med-pay coverage and vehicle damage were opened. The Kruegers' medical bills were paid as they were incurred. Initially, there was no claim for underinsured motorist coverage.

[¶3.]    On January 17, 2017, Lee Schoenbeck informed Grinnell he would be representing the Kruegers. On March 31, the Kruegers told Grinnell they reached a settlement agreement against Akron to his policy's limits. They also noted, "We

now intend to pursue an underinsured motorist claim against your company." Grinnell continued to pay the Kruegers' medical bills until Steven's med-pay limits were exhausted in May 2017. Coralee's limits were exhausted after the filing of this lawsuit.

[¶4.]    On July 12, 2017, the Kruegers demanded payment of underinsured motorist benefits, asking Grinnell, "[W]ould it be reasonable to expect that you complete your investigation by August 1, 2017?" The adjuster who had been working on the Kruegers' med-pay file, Pat McCumber, replied on July 13. She informed the Kruegers that Grinnell had opened an underinsured motorist benefits file and that Sheryl Stepanek was the assigned adjuster to that file.

[¶5.]    On July 27, Stepanek wrote the Kruegers a letter advising them that she had received their demand for underinsured motorist coverage and that she was assigned to the underinsured motorist file to avoid a conflict of interest while the med-pay file was still open. She requested authorization from the Kruegers for McCumber to release documents from the med-pay file to the underinsured motorist file so that she could consider their claim. On August 3, the Kruegers replied, providing the requested authorization. The same day, the Kruegers' counsel signed a summons and complaint against Grinnell.

[¶6.]    The Kruegers' complaint alleged in pertinent part:

14.    Grinnell Mutual has refused to pay the underinsurance benefits owing under the contract, and has not been reasonable in dealing with the Plaintiffs.

15.    Grinnell Mutual has breached its contract and duties with respect to Plaintiffs.

16. As a result of Grinnell Mutual's actions, Plaintiffs have been damaged.

17. Grinnell Mutual's refusal to indemnify, particularly because it was done without proper investigation, was without reasonable cause.

18. Grinnell Mutual should be required to pay a sum to Plaintiffs as reasonable attorney's fees for the cost of Plaintiffs pursuing and recovering the amounts owed to them under the Auto Policy.

The prayer for relief requested "a reasonable amount to be determined by a jury, including attorney's fees."

[¶7.] The Kruegers served Grinnell discovery requests on September 22, 2017. Grinnell answered on November 22, following an extension. Grinnell objected to many of the Kruegers' requests on the basis that the information sought was "beyond the permissible scope of discovery as provided by SDCL 15-6-26(b)(1), it [was] unduly burdensome and overly broad and vague, and it [was] not reasonably calculated to lead to the discovery of admissible evidence." Grinnell made additional objections based on attorney-client privilege and the work-product doctrine.

[¶8.] On January 17, 2018, the Kruegers sent a letter to Grinnell's counsel demanding answers to certain interrogatories and requests for production. The Kruegers demanded that Grinnell "make a good faith effort to answer each of these questions by January 24, 2018." They stated that if Grinnell did not respond by January 24, they would "schedule a motion to compel."

[¶9.] There was no further contact between the parties until the Kruegers filed a motion to compel on January 25, 2018. The following day, Grinnell sent a

letter to the Kruegers and explained it had objected because the discovery requests were relevant "only in situations where bad faith has been alleged." Additionally, Grinnell pointed out that it did not believe the Kruegers had satisfied the statutory requirement to meet and confer in good faith to resolve a discovery dispute without court action. Counsel for the Kruegers responded, claiming that bad faith had been sufficiently pleaded.

[¶10.]     On February 14, 2018, the circuit court held a hearing on the Kruegers' motion to compel. In its oral argument to the court, Grinnell argued that "Grinnell just really needed to know what it's responding to. . . . [T]he objections as they were stated and as they were made were substantially justified at the time. The questions [weren't] relevant to a breach of contract case[.]" Grinnell also submitted that the single letter sent by Kruegers' counsel did not fulfill the meet and confer requirement. The Kruegers argued that Grinnell was on sufficient notice of the bad faith claim because pleadings only require factual allegations and "we alleged that [Grinnell] refused to pay without proper investigation. That's not an element of breach of contract."

[¶11.]     The circuit court granted the Kruegers' motion and signed its order on February 28, 2018. It based its ruling on finding "[t]hat the Complaint put the Defendant on notice that the Plaintiffs are alleging what is commonly referred to as a 'bad faith' cause of action, particularly in Paragraphs 14 and 17 of the Complaint." The court determined "[t]hat with notice of the bad faith claim, Defendant Grinnell Mutual intentionally refused to answer the discovery requests related to that claim." The court ordered that Grinnell respond to all of the requests cited in the

Kruegers' demand letter, with the caveat that "personnel files . . . shall be produced pursuant to this protection order that the materials shall be maintained as confidential in this litigation[.]" The court further ordered that Grinnell pay the Kruegers' counsel $2,200.00 in attorney fees. Grinnell filed a petition for permission to take discretionary appeal that we granted on April 3, 2018 and stayed further proceedings. Grinnell raises two issues in this appeal, which we have rephrased and address in the following order:

1. What level of specificity is a party required to plead to allow the proper scope of discovery to be determined by the litigants and the court?

2. Whether one letter from plaintiff stating that defendant must answer written discovery requests satisfies the requirements of SDCL 15-6-37(a)(2) that a party must confer in good faith before filing a motion to compel.

## Standard of Review

[¶12.] "A circuit court discovery sanction under SDCL 15-6-37 is reviewed under an abuse of discretion standard." *Pearson v. O'Neal-Letcher*, 2007 S.D. 92, ¶ 10, 738 N.W.2d 914, 917. Abuse of discretion "is a fundamental error of judgment, a choice outside the range of permissible choices, a decision, which, on full consideration, is arbitrary or unreasonable." *Thurman v. CUNA Mut. Ins. Soc'y*, 2013 S.D. 63, ¶ 11, 836 N.W.2d 611, 616 (quoting *State v. Lemler*, 2009 S.D. 86, ¶ 40, 774 N.W.2d 272, 286). "SDCL 15-6-37 gives the trial judge broad latitude in penalizing the party who has failed to comply with discovery orders, however such latitude is not limitless." *Pearson*, 2007 S.D. 92, ¶ 10, 738 N.W.2d at 917 (quoting *Haberer v. Radio Shack*, 1996 S.D. 130, ¶ 16, 555 N.W.2d 606, 610).

## Analysis and Decision

1. *What level of specificity is a party required to plead to allow the proper scope of discovery to be determined by the litigants and the court?*

[¶13.] We assume without deciding for purposes of this appeal that the allegation of bad faith was adequately raised and decline to address Issue 1 further, finding Issue 2 to be dispositive of the outcome of this case.

2. *Whether one letter from plaintiff stating that defendant must answer written discovery requests satisfies the requirements of SDCL 15-6-37(a)(2) that a party must confer in good faith before filing a motion to compel.*

[¶14.] Under SDCL 15-6-37(a), also referred to as Rule 37(a), "the discovering party may move for an order compelling an answer" if a party fails to respond to a discovery request. "The motion must include a certification that the movant has in *good faith* conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." SDCL 15-6-37(a)(2) (emphasis added). If the court grants the motion, the court shall order the party resisting discovery pay "the reasonable expenses incurred in obtaining the order, including attorneys' fees, unless the court finds that the motion was filed without the *movant's first making a good faith effort to obtain the disclosure or discovery without court action*, or that the party's nondisclosure, response or objection was *substantially justified*[.]" SDCL 15-6-37(a)(4)(A) (emphasis added).

[¶15.] Grinnell argues that by merely sending one letter, "[t]he Kruegers' counsel failed to meet and confer in good faith as required by the rule, which is justification for both outright denial of the motion to compel as well as a denial of

attorney's fees." In response, the Kruegers cite the circuit court's discretion in such matters. The Kruegers argue that the circuit court properly considered the facts before it, including their letter asking Grinnell to respond to discovery requests. They cite the circuit court's finding that Grinnell "intentionally refused to answer discovery requests" as evidence that it "appreciate[ed] that all good faith attempts to confer with Grinnell had been and would be futile."

[¶16.] We have not yet addressed what communication is required to satisfy the meet and confer requirement of SDCL 15-6-37(a)(2) or the ramifications for failing to meet and confer in good faith. Other courts, in addressing this issue, emphasize the need for "genuine efforts to resolve the dispute" without judicial involvement. *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999). The rule is designed to "lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants through promotion of informal, extrajudicial resolution of discovery disputes." *Clement v. Alegre*, 99 Cal. Rptr. 3d 791, 803 (Cal. Ct. App. 2009). Courts view Rule 37(a) as requiring "counsel to 'converse, confer, compare views, consult and deliberate.'" *Cotracom,* 189 F.R.D. at 459 (quoting *VNA Plus, Inc. v. Apria Healthcare Grp., Inc.*, No. Civ. A. 98-2138-KHV, 1999 WL 386949, at *2 (D. Kan. June 8, 1999)). Therefore "parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery." *Id.* The rule mandates that "a moving party must personally engage in two-way communication" with "freedom from intention to defraud or abuse the discovery process[.]" *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).

#28555

[¶17.]        Courts addressing this issue have found that in instances where there is a genuine dispute about the discoverability of the information sought or the adequacy of the answers, one letter does not fulfill the meet and confer requirement.  "A single letter between counsel which addresses the discovery dispute . . . does not satisfy the duty to confer." *Williams v. Bd. of Cty. Comm'rs of Unified Gov't of Wyandotte Cty.*, 192 F.R.D. 698, 700 (D. Kan. 2000).  This is because mailing a letter to opposing counsel does not meet the requirement that counsel converse and deliberate.  *Id.  See also Hays v. Adam*, 512 F. Supp. 2d 1330, 1334 (N.D. Ga. 2007) ("This single letter does not constitute a sufficient effort to resolve the issue outside of court pursuant to Rule 37(a)[.]").

[¶18.]        Even if more than one letter is sent, courts still examine the quality of the efforts to confer put forth by the moving party.  *Wilson v. Aargon Agency, Inc.*, 262 F.R.D. 561, 564 (D. Nev. 2010).  In *Wilson*, the court observed:

> Two back to back letters stating merely that Wilson's responses were 'wholly inadequate' do not stand in as a 'personal consultation and sincere effort . . . to resolve the matter without court action' . . . .  The meet and confer requirement is not merely a formalistic prerequisite to discovery disputes and cannot be met by simply showing that the discovery in question was requested more than once.

*Id.* (internal citations omitted).  The court emphasized that parties at an informal conference "must present to each other the merits of their respective positions with the same specificity with which they would brief the discovery dispute." *Id.*

[¶19.]        The amount of effort a moving party must expend to meet and confer "is different in different circumstances, and may vary with the prospects for success." *Clement*, 99 Cal. Rptr. 3d at 804.  A court, through its broad discretion

regarding discovery matters, is entitled to consider all the relevant circumstances in ruling on whether the meet and confer requirement was met. *Id.* "An appropriate circumstance for excusing non-compliance with rules is when compliance would have been an exercise in otiosity." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 356 (N.D. Ill. 2005). In determining whether the meet and confer requirement would have been futile, a court should look to specific events in the record demonstrating futility. *See id.* (pointing to events in the record revealing "the polarity and intractability of the parties' positions").

[¶20.] A failure to fulfill the meet and confer requirement in good faith often serves as a basis for denying the motion to compel. *See, e.g., Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 245 (D. Kan. 2010); *Regions Bank v. Legal Outsource PA*, No. 2:14-cv-476-FtM-29MRM, 2016 WL 7228738, at *2 (M.D. Fla. Mar. 10, 2016); *Brown v. Bridges*, No. 12-CV-4947-P, 2015 WL 11121361, at *3 (N.D. Tex. Jan. 30, 2015). Courts may also decline to award sanctions or attorney fees when the requirement has not been met, yet grant the motion to compel. *See, e.g., Scottsdale Ins. Co. v. Physicians Grp., LLC*, No. 8:15-cv-1129-T-23AAS, 2016 WL 3425675, at *1 (M.D. Fla. June 22, 2016); *Forest River, Inc. v. Heartland Recreational Vehicles*, LLC, No. 3:09-CV-302 JVB, 2010 WL 11579072, at *2 (N.D. Ind. Dec. 1, 2010). Here, SDCL 15-6-37(a)(4)(A) provides that if a party seeking a motion to compel prevails, a court may not award expenses and sanctions if the movant did not make a "good faith effort to obtain the disclosure or discovery without court action."

[¶21.] We hold that the circuit court abused its discretion in granting the Kruegers' motion to compel. The record shows that this is not a situation where a party wholly failed to answer any of the requested discovery. Instead, there was a genuine dispute between counsel for the parties concerning the breadth of the claims alleged by the Kruegers' and the appropriate scope of discovery for those claims. In such circumstances, the Kruegers, by sending one letter stating, "Please make a good faith effort to answer each of these questions by January 24, 2018[]" did not meet the requirements of SDCL 15-6-37(a)(2) to "confer[] or attempt[] to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action[]" in good faith.

[¶22.] In granting the motion to compel, the circuit court merely relied on the Kruegers' assertion that Grinnell was on sufficient notice of the bad faith claims and "the discovery requests Defendant Grinnell Mutual refused to answer [were] reasonable and appropriate for the claims in this litigation." It failed to consider Grinnell's arguments that the Kruegers had not attempted to meet and confer in good faith regarding the scope of discovery, as required by statute. There is no indication that the court examined the quality of the communication between the parties or the extent of their efforts to resolve their dispute without judicial intervention.

[¶23.] The Kruegers argue that the circuit court appropriately considered the futility of requiring the parties to meet and confer in good faith when it stated that Grinnell "intentionally refused to answer the discovery requests." While Grinnell did not answer certain questions and did not respond to the Kruegers' demand

letter, there is no evidence suggesting that Grinnell was intractable to the point of rendering the meet and confer requirement futile. *See In re Sulfuric Acid,* 231 F.R.D. at 359 (pointing to a series of letters between the parties that "reveal not a meeting of the minds . . . but an expression of irreconcilable positions and a clash of wills"). Rather, it appears that Grinnell's objections were substantially justified due to concerns about the proper scope of discovery. "A party's discovery conduct is found to be 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Samsung Elecs. Am., Inc., v. Yang Kun Chung*, 321 F.R.D. 250, 278 (N.D. Tex. 2017) (quoting *S.E.C. v. Kiselak Capital Grp., LLC*, No. 4:09-cv-256-A, 2012 WL 369450, at *5 (N.D. Tex. Feb. 3, 2012)).

[¶24.]       SDCL 15-6-37(a)(2) requires that the motion to compel *must* include a certification of the moving party's good faith efforts. We hold such a certification requires the moving party to convey to the court "essential facts sufficient to enable the court to make a preliminary judgment on the adequacy and sincerity of the conferment." *See* 7 James Wm. Moore, *Moore's Federal Practice* § 37.05[4], at 37-31 (3d ed. 2018) (citing *Shuffle Master, Inc.* 170 F.R.D. at 171). "A cursory recitation that counsel were 'unable to resolve the matter' is insufficient." *Id.* The certification should include: "(1) the names of the parties who conferred or attempted to confer, (2) the manner by which they communicated, (3) the date and time of that communication, (4) specific discovery disputes discussed, and (5) the results of the discussion or an explanation as to why meaningful discussions were not had." *See id.* A court should consider such facts to determine whether the

movant truly attempted to "converse, confer, compare views, consult and deliberate." *See Cotracom,* 189 F.R.D. at 459.

[¶25.] Furthermore, in determining whether the efforts were undertaken in good faith, the court should consider whether the moving party has attempted to confer with "freedom from intention to defraud or abuse the discovery process, and faithfulness to one's obligation to secure information without court action." *See Shuffle Master, Inc.* 170 F.R.D. at 171. When a moving party argues that an attempt to meet and confer would have been futile, the party should still demonstrate facts indicating good faith efforts at communication were met with uncooperative and intractable resistance. Ultimately, it is not the quantity, but the quality, of the communication a court should consider when addressing a motion to compel.

[¶26.] We also note that the award of attorney fees in this matter was unsupported by the record and the requirements of SDCL 15-6-37(a)(4)(A). Under SDCL 15-6-37(a)(4)(A), a court cannot award attorney fees to a moving party who was granted a motion to compel if the party did not first make a "good faith effort to obtain the disclosure or discovery without court action." The court, having failed to consider whether the Kruegers made a good faith effort to meet and confer when Grinnell asserted as such, abused its discretion in awarding attorney fees.

[¶27.] We clarify that a court retains its broad discretion to grant or deny discovery sanctions. *See Pearson,* 2007 S.D. 92, ¶ 10, 738 N.W.2d at 917. But that decision is not unlimited given the text of SDCL 15-6-37(a)(2). *See Thurman,* 2013 S.D. 63, ¶ 11, 836 N.W.2d at 616. In considering a motion to compel, the court

should consider the requirements listed above for the movant's certification of good faith efforts to resolve the dispute without judicial intervention. If the court finds that the moving party has failed to meet and confer in good faith, that finding serves as a basis for denying the motion to compel. Alternatively, there may be other grounds for granting the motion to compel despite a lack of good faith efforts, such as "temporal exigencies requir[ing] speedy action" or "when the goal of encouraging compromise is unlikely to be achieved." *See* Moore, *supra* § 37.05[4], at 37-29. In these cases, the court should look to the provisions of SDCL 15-6-37(a)(4)(A) and not grant attorney fees if "the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure . . . or that the opposing party's nondisclosure . . . was substantially justified or that other circumstances make an award of expenses unjust."

## Conclusion

[¶28.] We reverse because the circuit court abused its discretion when it granted the Kruegers' motion to compel and awarded the Kruegers' attorney fees.

[¶29.] KERN, JENSEN and SALTER, Justices, concur.