Filed 7/31/24  Tye v. Tye CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MATTHEW TYE, | |
| Plaintiff, | E079807 |
| v. | (Super.Ct.No. RIC1601882) |
| JUSTIN TYE et al., | ORDER MODIFYING OPINION |
| Defendants and Respondents; | [NO CHANGE IN JUDGMENT] |
| MYRON MATIKA et al., | |
| Interveners and Appellants. | |

The petition for rehearing filed by appellants on July 25, 2024, is denied.  The opinion filed in this matter on July 15, 2024, is modified as follows:

On page No. 4 of the opinion, in the first sentence, the word "apparently" is deleted.

On page No. 4 of the opinion, footnote 4 is deleted; the remaining footnotes are renumbered accordingly.

1

On page No. 4 of the opinion, the second sentence in the second paragraph, which reads "The reporter's transcript from the hearing was not made part of the record on appeal" is deleted.

Except for these modifications, the opinion remains unchanged. The modifications do not effect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                              J.

We concur:

RAMIREZ _____
                         P. J.

MENETREZ _____
                        J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MATTHEW TYE, | |
| Plaintiff, | E079807 |
| v. | (Super.Ct.No. RIC1601882) |
| JUSTIN TYE et al., | OPINION |
| Defendants and Respondents; | |
| MYRON MATIKA et al., | |
| Interveners and Appellants. | |

APPEAL from the Superior Court of Riverside County.  Carol A. Greene, Judge.  Affirmed.

De Novo Law Firm and Benjamin A. Yrungaray for Interveners and Appellants.

No appearance for Plaintiff.

No appearance for Defendants and Respondents.

Interveners and appellants Myron and Mary Jane Matika (the Matikas) appeal the denial of two motions to compel additional responses to discovery. In addition, the Matikas and their counsel, Benjamin A. Yrungaray, appeal the imposition of $6,075 in monetary sanctions against the Matikas and counsel based on the denial of the motions to compel.

The Matikas sought to intervene in a lawsuit filed by plaintiff Matthew Tye (Matthew), their grandson, against defendant and respondent Justin Tye (Justin), another of their grandsons. In 2013 the Matikas loaned $100,000 to a company entitled Empire Financial Solutions Inc. (Empire), which was owned by Justin.[1] Justin never paid back the money, and in October 2017 the Matikas transferred their rights to the $100,000 to Matthew to attempt to collect the money. Matthew filed a lawsuit against Justin and other defendants seeking the return of the money. At some point during the litigation, Matthew assigned back his rights to the $100,000 to the Matikas and they sought to intervene in the lawsuit. The trial court granted their request to intervene. The Matikas then served two sets of special interrogatories and requests for production to which Justin and Empire objected, primarily based on the request duplicating previous discovery propounded by Matthew. The Matikas filed two motions to compel responses, which were ultimately denied by the trial court. The trial court imposed $6,075 in sanctions against the Matikas and Yrungaray.

---

[1] There has not been a response from any defendant in this case. The Matikas only name Justin and Empire in their opening brief; for purposes of this opinion, we will consider them to be the only defendants in this appeal.

The Matikas contend on appeal that the trial court erred by (1) granting a motion for relief from default in favor of Justin and Empire; (2) denying their motions to compel further discovery; and (3) awarding sanctions to Justin and Empire in the amount of $6,075.

## FACTUAL AND PROCEDURAL HISTORY[2]

### A.     INTERVENTION BY THE MATIKAS

On June 16, 2021, the Matikas filed a petition for leave to intervene and leave to file a fourth amended complaint (FAC) in a lawsuit filed by Matthew against Justin, Christopher Bowen, G.F. Services LLC, Empire, Active Realty, Inc., and Emerald Escrow, Inc.  The Matikas alleged that the lawsuit between Matthew and the above defendants[3] derived from a $100,000 note executed in May 2013 whereby the Matikas loaned $100,000 to Empire.  In October 2017 the Matikas assigned the $100,000 note to Matthew, who filed the instant lawsuit attempting to collect the $100,000.  During the litigation, on June 7, 2021, Matthew assigned the $100,000 note back to the Matikas. The Matikas attached the FAC that they sought to be filed.

---

[2] The summary and procedural history provided by the Matikas is riddled with references to matters that are not part of the record on appeal, including proceedings occurring after the hearing on the motions to compel.  Further, the Matikas refer to the case information sheet as evidence in the case but this court does not consider it evidence. We have relied on our own review of the record in preparing the Factual and Procedural History.

[3] At this stage of the litigation, the operative pleading was a third amended complaint filed by Matthew in December 2020.

The trial court apparently denied the request for intervention but allowed the Matikas to file a supplemental motion seeking intervention and the ability to file the FAC.[4] The Matikas provided an amended FAC. Also attached to the supplemental motion for intervention was a complaint in intervention and demand for jury trial for the causes of action of breach of contract, fraud, and breach of fiduciary duty (Intervention Complaint). Matthew joined in the supplemental motion to intervene. Justin and Empire filed opposition to the supplemental motion to intervene.

The matter was heard on November 30, 2021. The reporter's transcript from the hearing was not made part of the record on appeal. The trial court granted permissive intervention by the Matikas. The trial court also signed an order allowing the Matikas to file the Intervention Complaint; it was filed on December 7, 2021.

The Matikas alleged causes of action for breach of contract, fraud, and breach of fiduciary duty in the Intervention Complaint. They alleged that Justin did business as Empire, which was a sole proprietorship and merely a corporate shell. The Matikas were the grandparents of Justin. They agreed to loan Justin $100,000 and he executed a promissory note. The note was to be paid back in one year with interest paid at 15 percent plus two points. The note was between the Matikas and Empire and was signed by Justin on behalf of Empire. Justin never repaid any of the principal on the loan. The original $100,000 plus interest was owed to the Matikas.

---

[4] Despite there being a hearing, it has not been included in the appellate record and the tentative ruling on the intervention motion was not included in the record.

4

On January 24, 2022, the Matikas filed a request to enter default due to Justin and Empire failing to respond to the Intervention Complaint. The default was signed by the clerk of the court on January 24, 2022.[5]

B.     MOTIONS TO COMPEL FILED BY THE MATIKAS

On April 27, 2022, the Matikas filed a motion to compel further responses to Myron Matika's special interrogatories, set one (SI-1), and requests for production, set one (RFP-1; collectively, Set One). Justin and Empire had been served with Set One and had failed to provide responses. Further, an attempt at a meet and confer had resulted in counsel for Empire and Justin, Eric Papp, being verbally abusive and insulting to Yrungaray.

Yrungaray filed a declaration to support the motions to compel further responses. He had served Set One on Empire through Papp on February 7, 2022. Papp sent a response. Yrungaray served a meet and confer on April 13, 2022, and Papp responded by correspondence on April 18, 2022. Yrungaray set forth the requests and responses in his "separate statement re: motion to compel further responses to . . . SI 1 and RFP 1" (all caps omitted). Papp had objected to all of the interrogatories and requests for production. The meet and confer letter sent to Papp was included as an exhibit. The response by Papp was included as an exhibit.

On April 27, 2022, the Matikas also filed a motion to compel further responses to Myron Matika's special interrogatories, set two (SI-2), and requests for production, set

---

[5] As will be discussed *post*, the default was later set aside and Justin and Empire were ordered to answer the Intervention Complaint.

two (RFP-2; collectively, Set Two). He raised the same grounds as for Set One. He also attached the Set Two document with objections, and the meet and confer letters between counsel.[6]

A hearing was conducted on May 12, 2022, regarding the default judgment entered against Justin and Empire. The trial court issued a tentative ruling that has not been made part of the record on appeal. At the hearing, the trial court stated the default should not have been entered. The trial court set aside the default and ordered Justin and Empire to file an answer to the Intervention Complaint.

Justin and Empire filed an answer to the Intervention Complaint on May 20, 2022. Justin and Empire also filed opposition to the motion to compel responses to Set One. Papp submitted a declaration. Justin and Empire were requesting that $2,835 in sanctions be imposed against the Matikas, which was the amount of attorney's fees that were incurred in researching and preparing the opposition.

Justin and Empire contended that all of the discovery requests made by the Matikas had previously been requested by Matthew, and had been decided by the trial court. Justin and Empire argued that sanctions were appropriate based on Set One being a "word for word, re-hashing of Matthew Tye's earlier discovery, much of which was subject to prior Court Orders." Set One was entirely improper and sanctions should be awarded. Justin and Empire referred to Code of Civil Procedure sections 2030.300,

---

[6] The Matikas also filed additional discovery requests that are not relevant to this appeal. Also included in the record are the proceedings pertaining to Justin and Empire seeking discovery against Matthew. Those proceedings are not relevant to the issues raised on appeal.

subdivision (d), 2031.060, subdivision (h), and 2023.010, which all allowed for the imposition of sanctions.

The Matikas filed a reply to the opposition. The Matikas contended that any previously requested discovery by Matthew were irrelevant to their discovery rights. Their counsel, Yrungaray, stated that the Matikas did not have access to the prior discovery and Matthew was not required to provide it to the Matikas. Further, even if the discovery request was previously made, that was not grounds for Justin and Empire not to respond. All of the objections were meritless. Yrungaray requested sanctions in the amount of $4,160 for his time preparing the motion to compel.

The hearing on the matter was "live streamed" on July 12, 2022. The parties did not request oral argument after receiving the tentative ruling from the trial court. The tentative ruling was not made part of the record. Pursuant to the minute order, the trial court criticized Yrungaray for failing to meet and confer with Papp in order to resolve the discovery issues. In addition, the trial court also granted an unopposed request for judicial notice from Justin and Empire for "various tentative rulings and minute orders" but it is not clear from the record what was in these prior orders. The trial court found that the motion filed by the Matikas sought to compel responses to prior requests for discovery made by Matthew. The Matikas were essentially requesting that the trial court reconsider its rulings. The Matikas stepped in the shoes of Matthew based on the same claim for the $100,000 note. They essentially had stepped in as the real party of interest and had no greater rights. It noted, "The present discovery appears to be little more than

an artifice for harassment and an attempt to revisit issues upon which the court has already ruled."

The trial court continued the hearing to September 6, 2022, so that the parties could meet and confer. In the event the parties could not reach an informal agreement, Yrungaray was to file—10 days prior to the hearing—a declaration detailing the discovery demands that the parties were unable to resolve. The trial court warned the parties that the failure to abide by its order to meet and confer in good faith would result in the imposition of sanctions.

On August 26, 2022, Yrungaray filed his declaration for the meet and confer as ordered by the trial court on July 12, 2022. Papp and Yrungaray had a telephone call lasting 90 minutes on August 25, 2022, and they discussed the motions to compel Set One and Set Two. Yrungaray asked Papp to provide information as to the prior discovery requests by Matthew, the responses, and any trial court orders. Papp was unable to provide any specific information and was curious why Yrungaray did not have copies of the prior discovery. Further, Papp was not willing to provide the prior discovery. Papp decided to stand by his objections and there was no compromise reached after the 90 minutes. They were unable to resolve any of the discovery issues. Yrungaray listed the discovery that was needed in order to prepare for trial. Yrungaray argued that the Matikas were entitled to discovery as interveners despite the prior discovery. Yrungaray requested a total of $7,220 in sanctions for both motions to compel.

Papp filed his own declaration in support of Empire and Justin's objection to Yrungaray's meet and confer declaration. Papp disputed that Yrungaray ever asked him

8

to provide the prior discovery and results. Further, the burden was not on Papp to provide the information. Papp also noted that in Yrungaray's declaration in support of the request for discovery in Set Two, he declared, "I am Familiar with the issues and previous discovery conducted by all of the parties in the case." This was misconduct subject to sanctions. Further, Matthew could give all of his documents to Yrungaray. Papp had already set forth the details of the previous requested discovery in the opposition and Yrungaray did not appear to have reviewed it in the meet and confer telephone call. Papp attached the declarations made by Yrungaray stating that he was familiar with the previous discovery, in addition to the filings wherein he stated he was never provided with the discovery.

A tentative ruling on the motions to compel was provided by the trial court prior to the hearing. The trial court reiterated what had occurred at the July 12, 2022, hearing. It then addressed what had occurred since that date. On August 26, 2022, Yrungaray filed his declaration. The declaration provided that despite meeting for 90 minutes, he and Papp could not resolve any of the discovery issues. On August 30, 2022, Papp filed a declaration. Papp objected to Yrungaray stating he had no access to the discovery when he additionally declared several times that he was familiar with the prior discovery requests. Papp asserted that Yrungaray did not meet and confer in good faith.

The trial court ruled, "The Court has reviewed the discovery with regard to both Motions and denies both motions in their entirety. Initially, much of this discovery at issue involves topics that the Court has already ruled on in Matthew Tye's voluminous discovery history." The trial court also noted that Yrungaray had represented that he was

9

familiar with all of the discovery by all parties in the case. Accordingly, Yrungaray's current representation that he had no access to the discovery by Matthew, was "misleading and requires further explanation." The trial court noted, "If he is not familiar and does not have access to the discovery propounded by Matthew Tye, then [his] statements under penalty of perjury are untrue and he had no proper basis to propound over the statutory maximum of 35 interrogatories." Further, the Matikas and Yrungaray had an obligation to obtain the discovery previously exchanged between the parties. If Justin and Empire, and their counsel, were unwilling to turn over the discovery, they should have sought assistance from the trial court. The trial court further provided, "The Court is considering setting an OSC re: sanctions as to the Matikas and Yrungaray re: misuse of the discovery process."

The trial court also denied the motions finding that the discovery was properly objected to and/or substantively responded to. The trial court concluded, "As the prevailing party, Defendant[s are] entitled to sanctions for having to oppose these Motions. The Court grants Defendant[s'] request for sanctions on both Motions for a total of $6,075 against the Matikas and Yrungaray jointly."

The motions to compel Set One and Set Two were heard on September 6, 2022. The parties appeared telephonically. The minute order provides that the trial court adopted the tentative ruling. The reporter's transcript provided does not include any argument on the motions to compel responses to Set One and Set Two.

Justin and Empire filed the notice of ruling on September 6, 2022. It provided that the motions to compel responses to Set One and Set Two were denied. Sanctions were

10

awarded against the Matikas and Yrungaray in the amount of $6,075, jointly. The

Matikas filed their notice of appeal on September 15, 2022. The grounds for appeal were

from an order or judgment pursuant to Code of Civil Procedure section 904.1,

subdivisions (a)(3)-(13).

## DISCUSSION

### A.    MOTION FOR RELIEF FROM DEFAULT

The Matikas claim that the trial court erred by granting the request for relief from

default by Justin and Empire on May 12, 2022. Default had been entered by the clerk of

the court due to their failure to file an answer to the Intervention Complaint. The Matikas

insist that the relief from default is reviewable on appeal from the sanctions order. They

contend that any orders entered after the relief from default are void.

The Matikas provide no legal authority for their claim that this court can review

the relief from default entered by the trial court based on an appeal from the entry of the

sanctions order. " 'In order to demonstrate error, an appellant must supply the reviewing

court with some cogent argument supported by legal analysis and citation to the record.'

" (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146.)

"Mere suggestions of error without supporting argument or authority other than general

abstract principles do not properly present grounds for appellate review." (*Department of

Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100

Cal.App.4th 1066, 1078.) The issue has been forfeited on appeal.

B.      ORDERS ON MOTIONS TO COMPEL DISCOVERY AND

SANCTIONS[7]

The Matikas contend the trial court erred by denying their motions to compel responses to the Set One and Set Two discovery requests.  They insist that Justin and Empire did not file a motion for protective order to protect the discovery as required; Justin and Empire could not object to discovery being duplicative; the Matikas, as interveners, could seek discovery in addition to the discovery propounded by Matthew; the interrogatories were not "exactly" like those previously propounded; the Matikas were not seeking to have the trial court reconsider its prior rulings; the meet and confer was adequate as a matter of law; the trial court erred by continuing the case on July 12, 2022; and the trial court erred by the denying the motions to compel on their merits.

"Generally, discovery orders are not appealable.  [Citation.]  Instead, the challenge to a discovery order must await appeal from a final judgment."  (*Aixtron, Inc. v. Veeco Instruments Inc.* (2020) 52 Cal.App.5th 360, 387; see also *Deck v. Developers Investment Co., Inc.* (2023) 89 Cal.App.5th 808, 825.)  However, a sanctions order that exceeds $5,000 is an appealable order.  (Code of Civ. Proc., § 904.1, subd. (a)(12) ["an order directing payment of monetary sanctions by a party or an attorney for a party [is appealable] if the amount exceeds five thousand dollars ($5,000)"].)  We need not consider whether the ruling on the motions to compel must be addressed since it is "intertwined" with the sanctions order as the Matikas have failed to provide an adequate

_____

[7]  The Matikas also make a contention about the secondary evidence rule.  They rely on events occurring after the appeal.  We will not consider the argument.

12

record to review the trial court's ruling on the motions to compel.  (See *Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432-1433; *Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 264, 280.)

There is not an adequate record to review the trial court's ruling on the motions to compel.  The trial court ruled that "much of this discovery at issue involves topics that the Court has already ruled on in Matthew Tye's voluminous discovery history."  The trial court also noted that Yrungaray had represented that he was familiar with all of the discovery by all parties in the case, and thus if he had not had access to the previous discovery, his statements were "misleading and requires further explanation."  The record contains none of the records pertaining to the prior discovery.  In addition, the reporter's transcript from the motion to compel hearing has not been included in the record.  Although it appears that the trial court adopted the tentative ruling, which denied the motions to compel for seeking the same discovery already requested by Matthew, the trial court conceivably could have stated other reasons that support the denial at the hearing.

" 'It is the duty of an appellant to provide an adequate record to the court establishing error.  Failure to provide an adequate record on an issue requires that the issue be resolved against appellant. [Citation.]'  [Citation.]  This principle stems from the well-established rule of appellate review that a judgment or order is presumed correct and the appellant has the burden of demonstrating prejudicial error.  [Citations.]  By failing to provide an adequate record, appellant cannot meet his burden to show error and we must resolve any challenge to the order against him.' "  (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)

13

The Matikas have failed to provide an adequate record on appeal in order to review the trial court's ruling on the motions to compel. Accordingly, even if we were to consider the motions to compel, we must resolve the issue against them.

Finally, the Matikas contend the trial court abused its discretion by imposing sanctions against them and Yrungaray.

Code of Civil Procedure section 2023.030 provides, "To the extent authorized by the chapter governing any particular discovery method or any other provision of this title, the court, after notice to any affected party, person, or attorney, and after opportunity for hearing, may impose the following sanctions against anyone engaging in conduct that is a misuse of the discovery process: [¶] (a) The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct. The court may also impose this sanction on one unsuccessfully asserting that another has engaged in the misuse of the discovery process, or on any attorney who advised that assertion, or on both. If a monetary sanction is authorized by any provision of this title, the court shall impose that sanction unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." Code of Civil Procedure section 2025.480, subdivision (j), provides "The court shall impose a monetary sanction under Chapter 7 (commencing with Section 2023.010)[8] against any party, person, or

---

**8** Code of Civil Procedure section 2023.010 outlines the various misuses of the discovery process.

14

attorney who *unsuccessfully makes* or opposes a motion to compel an answer or production, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."

"We review an order imposing discovery sanctions under the abuse of discretion standard. [Citation.] An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice. [Citations.] The abuse of discretion standard affords considerable deference to the trial court, provided that the court acted in accordance with the governing rules of law." (*New Albertsons v. Superior Court* (2008) 168 Cal.App.4th 1403, 1422.) The appellant has the burden of affirmatively demonstrating trial court error. (*Clement v. Alegre* (2009) 177 Cal.App.4th 1277, 1285-1286.)

Initially, the Matikas contend that no sanctions may be awarded if even a single request for discovery is granted. Sanctions were only allowed if the motions to compel responses to Set One and Set Two were denied in their totality. The Matikas conclude in their opening brief, "it is difficult to imagine, given the law cited above, that the Court of Appeal would uphold blanket denials of discovery based solely on multiple layers of legal errors." In essence, the Matikas contend if we reverse the denial of their motions to compel, sanctions could not be awarded. As set forth *ante*, we have upheld the trial court's ruling on the motions to compel. As such, this argument does not support reversal of the sanctions award.

15

The Matikas, relying on Code of Civil Procedure section 2034, subdivision (a), contend the trial court erred by failing to consider that they had substantial justification for bringing the motions to compel. Code of Civil Procedure section 2034, subdivision (a), is no longer good law. (Repealed by Stats. 2004, c. 182 (A.B. 3081), § 22, operative July 1, 2005.)

Even if we were to consider the new law in Code of Civil Procedure section 2023.030, subdivision (a), which includes the same substantial justification language as the previous statute, the Matikas have failed to provide an adequate record on appeal to support that the trial court did not consider substantial justification. The tentative ruling provides the sanctions order. It is possible the trial court did express its reasons for finding that there was no substantial justification at a hearing. The reporter's transcript does not reflect what discussions were had about the motions to compel Set One and Set Two. Moreover, the law is settled that, "the court [is] only required to make an express finding if it did not impose monetary sanctions because it found appellant acted with 'substantial justification.' [Citations.] Nor [is a] 'court's order imposing sanctions . . . defective for failing to specify with particularity the basis for awarding sanctions. . . . [Citations.] [T]he discovery statutes do not require the court's order to "recite in detail" the circumstances justifying the award. . . . Indeed, the trial court is not required to make any findings at all.' " (*California Shellfish Inc. v. United Shellfish Co.* (1997) 56 Cal.App.4th 16, 26.) Based on the tentative ruling, which is the only evidence of the trial court's reasoning in this case, we must presume that the trial court considered the proper factors in assessing sanctions against Yrungaray and the Matikas. (See *Denham v.*

16

*Superior Court* (1970) 2 Cal.3d 557, 564 [on appeal, " 'A judgment or order of the lower court is *presumed correct*' "]; *Gee v. American Realty & Construction Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

Moreover, as previously stated, the Matikas have failed to provide an adequate record for this court to determine if the sanctions award was improper based on the finding of the trial court that all of the discovery requests had been previously made by Matthew. " ' "If the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] ' . . . [Appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' " (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) There is no reporter's transcript reflecting the hearing on the motions to compel. The written ruling provides that the trial court found that the motions to compel were improper because the discovery requests had already been made by Matthew. This court has no way of reviewing this claim as Matthew's prior discovery requests were not made part of the record. Based on the inadequate record, again, we must presume the trial court's order was correct.

Finally, Yrungaray states that since discovery requests were made by him, the Matikas should not have been sanctioned. Yrungaray merely makes a conclusory allegation—without citing to any proper legal authority—that the Matikas could not be assessed sanctions because he prepared the discovery motions. "[C]onclusory claims of error will fail." (*In re S.C.*, *supra,* 138 Cal.App.4th at p. 408.) As set forth *ante*, the trial court had within its discretion to impose sanctions against the party and/or attorney

17

misusing the discovery process.  (§ 2023.030, subd. (a).)  It is conceivable that the trial court found that the Matikas were equally to blame for the misuse of the discovery process.  Yrungaray has failed to properly argue that the sanctions award should be modified.

Based on the failure to provide proper legal authority and the inadequate record, we presume the trial court properly exercised its discretion to impose discovery sanctions against both the Matikas and Yrungaray.

## DISPOSITION

The sanction order is affirmed.  Appellants are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

MENETREZ
J.

18